STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

PAUL M. DRAINVILLE, JR. and
STEPHANIE M. DRAINVILLE
*Plaintiffs*

*v.*

METROPOLITAN LIFE INSURANCE COMPANY; THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE; and LAURA DRAINVILLE, Individually
*Defendants*

C.A. No. 07-5770
Jury Trial Demanded

# COMPLAINT

## Overview

This Complaint is brought by Paul M. Drainville, Jr. and Stephanie M. Drainville, brother and sister, to enforce a Rhode Island Family Court Property Settlement Agreement entered into by their parents, Paul M. Drainville, Sr. (now deceased) and Pamela D. Drainville. The Property Settlement Agreement provided certain financial benefits to Plaintiffs, including but not limited to life insurance proceeds payable upon the death of their father. However, Plaintiffs' step-mother, Defendant Laura Drainville, has made an improper claim for the insurance proceeds. Metropolitan Life Insurance Company has neither paid out the insurance proceeds nor filed an interpleader action even though Plaintiffs' father died months ago.

## The Parties

1. Plaintiff Paul M. Drainville, Jr. ("Paul") is a resident of Providence, RI, and the adult son of the late Paul M. Drainville, Sr. ("Mr. Drainville").

2. Plaintiff Stephanie M. Drainville ("Stephanie") is a resident of Providence, RI, and the adult daughter of the late Mr. Drainville. Stephanie is presently enrolled as a full-time student at Northeastern University in Boston, Massachusetts.

PSC
Filed on 10-29-07
JJ

3. Defendant Metropolitan Life Insurance Company ("MetLife") is a corporation duly authorized and licensed to do business in the State of Rhode Island.

4. Defendant Laura Drainville is the Executrix of the Estate of Paul M. Drainville, Sr. (collectively, the Estate of Paul M. Drainville, Sr. and Laura Drainville in her capacity as Executrix and are referred to as "the Estate").

5. Defendant, Laura Drainville ("the Stepmother"), is a resident of Winter Springs, Florida, and the widow of Mr. Drainville. Laura is the step-mother of Paul and Stephanie.

## Jurisdiction/Venue

6. This Court has jurisdiction over this action pursuant to R.I. Gen. Laws § 8-2-14.

7. Venue is proper in this Court pursuant to R.I. Gen. Laws § 9-4-3.

## Background

8. Paul and Stephanie are the natural children of Mr. Drainville and Pamela D. Drainville ("Pamela").

9. Mr. Drainville and Pamela divorced in 1992, when Paul was 16 years old, and Stephanie was 2 years old.

10. In connection with their divorce, Mr. Drainville and Pamela entered into a Property Settlement Agreement (the "Agreement") on November 22, 1991, which was filed with and approved by the Providence Family Court, and which was incorporated but not merged into the Final Judgment of Divorce.

11. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings.

12. Pursuant to the Agreement, Mr. Drainville was to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses to the extent of his ability to pay.

13. In the event of a breach of the Agreement, the breaching party shall be liable for all costs and expenses reasonably necessary to the enforcement of the terms of the Agreement, including reasonable attorneys' fees.

14. The provisions of the Agreement are binding upon Mr. Drainville's respective heirs, executors, administrators and assigns.

**COUNT I**
(Breach of Fiduciary Duty – MetLife)

15. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 14, inclusive, as if fully set forth herein.

16. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings.

17. Mr. Drainville was employed by Verizon Communications, Inc. ("Verizon"), and his life insurance policy was with MetLife.

18. At the time of his death on June 14, 2007, the amount of Mr. Drainville's life insurance benefit was $174,000.

19. Upon information and belief, Mr. Drainville's annual salary with Verizon ultimately reached $82,000, which would have required him to maintain a level of life insurance coverage of three times that amount, or $246,000.

20. There is a shortfall in the level of coverage in Mr. Drainville's life insurance benefit of approximately $72,000.

21. Pursuant to the Agreement, upon Mr. Drainville's death, MetLife had a fiduciary

duty to pay to Paul and Stephanie, in equal shares, the proceeds from Mr. Drainville's life insurance policy, but has not done so because the Stepmother has made a claim to the life insurance proceeds.

22. MetLife has not paid Paul and Stephanie any proceeds from Mr. Drainville's life insurance policy, nor has MetLife filed an interpleader action and is in breach of its fiduciary duty to pay the proceeds.

23. As intended third party beneficiaries of the Agreement (and thus Mr. Drainville's life insurance policy) Paul and Stephanie have suffered damages proximately caused by MetLife's failure to interplead the funds or to pay to Plaintiffs, in equal shares, the proceeds from Mr. Drainville's policy.

WHEREFORE, Plaintiffs seek judgment for interpleader and/or compensatory damages against MetLife in an amount sufficiently within this Honorable Court's jurisdiction, together with interest and costs, and such further relief as this Court deems proper and just.

**COUNT II**
(Breach of Contract – The Estate)
*Insurance Benefit*

24. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of life insurance coverage of three times his annual earnings.

26. Mr. Drainville was employed by Verizon, and his life insurance policy was with Metlife.

27. At the time of Mr. Drainville's death on June 14, 2007, the amount of Mr. Drainville's life insurance benefit was $174,000.

28. Upon information and belief, Mr. Drainville's annual salary with Verizon ultimately reached $82,000, which would have required him to maintain a level of coverage of three times that amount, or $246,000.

29. There is a shortfall in the level of coverage in Mr. Drainville's life insurance benefit of approximately $72,000.

30. By failing to maintain a level of life insurance coverage of three times his annual earnings Mr. Drainville is in violation of the Agreement.

31. The provision in the Agreement requiring Mr. Drainville to maintain a level of life insurance coverage of three times his annual earnings is binding upon his heirs, executors, administrators and assigns.

32. As intended third party beneficiaries of the Agreement, Paul and Stephanie have suffered damages resulting from the breach by Mr. Drainville of his contract with Pamela D. Drainville.

WHEREFORE, Plaintiffs seek judgment for compensatory damages against the Estate in an amount sufficiently within this Honorable Court's jurisdiction, together with interest, costs, expenses, attorneys' fees, and such further relief as this Court deems proper and just.

**COUNT III**
(Breach of Contract – The Estate)
***Stephanie's Education***

33. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. Pursuant to the Agreement, Mr. Drainville had a duty to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses, to the extent of his ability to pay.

35. Stephanie is presently enrolled as a full-time student at Northeastern University, in her first year of a five year program.

36. Stephanie's reasonable and necessary costs of college tuition and expenses over five years are estimated to be $225,000.

37. The provision in the Agreement requiring Mr. Drainville to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses is binding upon his heirs, executors, administrators and assigns.

38. The Estate has contributed nothing to Stephanie's reasonable and necessary costs of college tuition and expenses.

39. By failing to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses, the Estate is in violation of the Agreement.

40. As an intended third party beneficiary of that contract, Stephanie has suffered damages resulting from the breach by the Estate of Mr. Drainville's contract with Pamela D. Drainville.

WHEREFORE, Plaintiffs seek judgment for compensatory damages against the Estate in an amount sufficiently within this Honorable Court's jurisdiction, together with interest and costs, and such further relief as this Court deems proper and just.

**COUNT IV**
(Conversion – Laura Drainville)

41. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. Pursuant to the Agreement, Mr. Drainville had a duty to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses, to the extent of his ability to pay.

43. Stephanie is presently enrolled as a full-time student at Northeastern University, in her first year of a five year program.

44. Stephanie's reasonable and necessary costs of college tuition and expenses over five years are estimated to be $225,000.

45. The provision in the Agreement requiring Mr. Drainville to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses is binding upon his heirs, executors, administrators and assigns.

46. The Estate has contributed nothing to Stephanie's reasonable and necessary costs of college tuition and expenses.

47. As Mr. Drainville's widow, the Stepmother has, in effect, taken money which has been earmarked for contribution to Stephanie's reasonable and necessary costs of college tuition and expenses, without Stephanie's consent, and is exercising dominion over it inconsistent with Stephanie's right to possession, thus causing Stephanie to suffer damages.

WHEREFORE, Plaintiffs seek judgment for compensatory damages against the Stepmother in an amount sufficiently within this Honorable Court's jurisdiction, together with interest and costs, and such further relief as this Court deems proper and just.

Plaintiffs demand a jury trial on all counts so triable.

PAUL M. DRAINVILLE, JR. and
STEPHANIE M. DRAINVILLE
By their Attorneys,

Paul M. Sanford (# 2997)
Lynne M. Radiches (# 5777)
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: October 29, 2007

J:\Docs\41105\00000\01183826.DOC

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| PLAINTIFF ID# | DEFENDANT ID# |
|---|---|
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE | METROPOLITAN LIFE INSURANCE COMPANY; THE ESTATE OF PAUL M. DRAINVILLE, SR., ET. ALS. |

NATURE OF PROCEEDING – CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | (x) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (xx) YES ( ) NO IF YES: XX JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION#
PRO SE NAME: PAUL M. SANFORD, RI BAR #2997 [signature] DATE: 10/29/07

(REV05-05)