UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff | ) | C.A. No. 07-427ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE, Defendants | ) | |

**AMENDED COMPLAINT IN INTERPLEADER**

Plaintiff Metropolitan Life Insurance Company ("MetLife") files this complaint for interpleader against defendants Paul M. Drainville, Jr., Stephanie M. Drainville and Laura Drainville and says:

Introduction

1. This is an action for interpleader, arising under 29 U.S.C. § 1132 and 28 U.S.C. §§ 1331, 1332, and 1335, involving adverse claims to a Plan benefit under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, and funded by group insurance policies issued by MetLife to Verizon Communications, Inc. ("Verizon").

2. MetLife is a disinterested stakeholder and files this action to avoid vexatious litigation due to competing claims to the Plan benefit currently in its possession.

The Parties

3. Plaintiff MetLife is an insurance company incorporated under the laws of the State of New York having its principal place of business in the State of New York.

4. Upon information and belief, defendant Paul M. Drainville, Jr. ("Paul Jr.") is the adult son of the late Paul M. Drainville, Sr. ("Decedent") and a citizen of Rhode Island. His date of birth is September 5, 1975.

5. Upon information and belief, defendant Stephanie M. Drainville ("Stephanie") is the adult daughter of Decedent and a citizen of Rhode Island. Her date of birth is July 8, 1989.

6. Upon information and belief, defendant Laura Drainville ("Laura") is the widow of Decedent, the stepmother of Paul Jr. and Stephanie and a citizen of Florida.

Jurisdiction and Venue

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 as a dispute between adverse claimants of diverse citizenship who claim or may be entitled to a Plan benefit of more than $500. The amount in controversy is met because the benefits at issue total $174,000. The minimal diversity requirement of 28 U.S.C. § 1335 is met because two of the competing claimants reside in Rhode Island and the other resides in Florida.

8. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 as a dispute arising under the laws of the United States, namely ERISA.

9. This Court also has jurisdiction over this action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332 as a dispute between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The diversity requirement of 28 U.S.C. § 1332 is met because none of the competing claimants is a citizen of the same state as MetLife. The amount in controversy requirement of 28 U.S.C. § 1332 is met because the benefits at issue total $174,000.

10. Venue is proper in this district: pursuant to 28 U.S.C. §§ 1391(b)(1) and 1397 inasmuch as one or more of the claimants to the Plan benefit resides in this judicial district;

pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events giving rise to the claim occurred in this district; and pursuant to 29 U.S.C. § 1132(e)(2) inasmuch as one or more defendants reside or may be found in this district. Venue is further proper in this district because the Court's decision regarding which claimants are entitled to the Plan benefits will depend significantly upon a determination whether a Rhode Island divorce decree qualifies as a Qualified Domestic Relations Order under ERISA, a matter that will be governed by the law of the United States First Circuit Court of Appeals.

Count One: The Interpleader Claim

11. Decedent was employed by Verizon.

12. Verizon sponsored and maintained the Verizon Plan for Group Insurance (the "Plan"), an employee welfare benefit plan subject to ERISA. A true and correct copy of the Summary Plan Description for the Plan is attached as Exhibit A.

13. MetLife at all relevant times served as the claims fiduciary of the Plan.

14. As a Verizon employee, Decedent participated in the Plan, electing Basic ("Basic Life") and Optional ("Optional Life") coverage.

15. Basic Life coverage provides a benefit of $10,000. Optional Life coverage, as selected by Decedent, provides a benefit of two times the annual rate of benefits pay at the time of retirement for the total benefit amount of $174,000.

16. On or about May 7, 2001, Decedent executed a beneficiary designation form, designating Laura as the sole primary beneficiary of his Basic and Optional Life coverage. A true and correct copy of this form is attached as Exhibit B

17. MetLife was notified by Verizon that Decedent died on June 15, 2007. As a result, a $174,000 combined Plan benefit (from Basic and Optional Life coverage) became

payable under the terms of the Plan. A true and correct copy of the document notifying MetLife of these facts, entitled MetLife Life Insurance Claim Form, Employer's Statement, is attached as Exhibit C.

18. On or about August 6, 2007, MetLife received a Life Insurance Claim Form from Laura in which she claimed the Basic and Optional Life benefit. A true and correct copy of this claim form is attached as Exhibit D.

19. In pertinent part, ERISA defines a beneficiary as "the person named by the participant." 29 U.S.C. § 1002(8).

20. On or about August 13, 2007, MetLife received correspondence from Pamela Drainville ("Pamela"), the ex-wife of Decedent and the mother of Paul Jr. and Stephanie. A true and correct copy of this letter, including its attached exhibit, a Rhode Island divorce decree, is attached as Exhibit E. . Pamela provided MetLife with a divorce decree (the "Divorce Decree") entered by the Providence Family Court on or about February 25, 1992, and incorporating the agreement executed by Decedent and her on or about November 22, 1991. Exhibit E, attached divorce decree. Pamela requested that MetLife review Section 3.4 of the Divorce Decree regarding the maintenance of life insurance and designation of beneficiaries of that coverage.

21. Section 3.4 of the Divorce Decree provides, in part, "Until the youngest child's 22nd birthday, the parties shall each maintain the children as primary beneficiaries (in equal shares) of each party's life insurance which is currently provided through each party's employment by New England Telephone Company. The face amount of the coverage currently is three times each party's annual earnings; and the parties shall maintain that level of coverage so long as the employer provides it as an employment benefit." Exhibit E, attached divorce decree.

22. The First Circuit has not definitively ruled on the issue of whether Qualified Domestic Relations Orders ("QDROs") trump the beneficiary designation within the life insurance benefit context. *Barrs v. Lockheed-Martin Corp.*, 287 F.3d 202, 208-09 (1st Cir. 2002). Even if QDROs are found to apply, MetLife was also unable to determine whether the Divorce Decree language here sufficiently complies with the statutory requirements to be a QDRO. ERISA, 29 U.S.C. § 1056(d).

23. On or about August 29, 2007, MetLife wrote to Laura, Paul Jr. and Stephanie advising that it had received competing claims to the Plan benefit. MetLife advised that their claims raised issues of fact and law that it could not determine without exposing the Plan to double liability and, therefore, that it was required to commence an interpleader action, unless they notified MetLife within 30 days of the date of the letter that they believed they would be able to resolve their controversy among themselves in order to preserve the Plan benefits from litigation costs and fees. A true and correct copy of MetLife's letter is attached as Exhibit F.

24. On or about October 29, 2007, Paul Jr. and Stephanie filed an action in the Providence County Superior Court in Rhode Island captioned, Paul M. Drainville, Jr., et al. v. Metropolitan Life Insurance Company, et al., P.C. No. 07-5770 (the "Rhode Island Action"). A true and correct copy of this Complaint is attached as Exhibit G. In the Rhode Island Action, Paul Jr. and Stephanie sue MetLife for an alleged breach of fiduciary duty based on "MetLife's failure to interplead . . . or to pay to Plaintiffs, in equal shares, the proceeds from [the Plan]."

25. On or about October 30, 2007, Laura filed an action in the United States District Court for the Middle District of Florida Orlando Division captioned, Laura Drainville v. Metropolitan Life Insurance Company, Case No. 6:07-cv-1727-Orl-18KRS (the "Florida

Action"). A true and correct copy of this Complaint is attached as Exhibit H. In the Florida Action, Laura sues MetLife for the Plan benefit.

26. MetLife is thus faced, not merely with competing claims to the Plan benefit, but with competing lawsuits filed in different forums and the possibility of inconsistent judgments in the competing lawsuits. 28 U.S.C. § 1335 and 28 U.S.C. § 2361 are designed to resolve such situations by allowing the filing of a federal interpleader action (§ 1335) and the issuance of an order from the federal interpleader court enjoining the competing claimants from instituting or prosecuting other actions concerning the interplead benefits (§ 2361).

27. The Plan benefits in question remain to be distributed. MetLife does not claim any interest in the Plan benefit.

28. Each of the defendants, Paul Jr., Stephanie and Laura claim to be entitled to the same Plan benefit.

29. As a result of the dispute among the defendants claiming entitlement to the Plan benefit, MetLife faces multiple liability and litigation if payment of the Plan benefit is made to any of them.

30. MetLife is a disinterested stakeholder, exposed to multiple liabilities as a result of the adverse claims to the Plan benefit, unless the Plan benefit that is the subject of this interpleader, the Rhode Island Action and the Florida Action is paid into the registry of the court and the validity of the competing claims is adjudicated by the Court.

31. Upon approval by the Court, MetLife is prepared to deposit the sum of One Hundred Seventy-Four Thousand Dollars ($174,000), plus any applicable interest—the Plan benefit under the Basic Life and Optional Life coverage—into the Court's Registry or as otherwise directed by this Court.

32. To resolve the competing claims to the benefits, MetLife has been required to engage undersigned counsel to file and prosecute the instant interpleader action, and is obligated to pay reasonable attorney's fees and costs of this litigation. MetLife has further incurred additional attorney's fees and costs in addressing the competing lawsuits filed with respect to the benefits.

WHEREFORE, plaintiff MetLife respectfully requests:

A. Judgment in its favor;

B. That the Court accept into the Registry of this Court the sum of One Hundred Seventy-Four Thousand Dollars ($174,000), plus any applicable interest, which represents the Plan benefit under the Basic Life and Optional Life coverage;

C. That MetLife, Verizon, and the Plan be fully, completely and forever discharged from any and all further liability and obligation under the Plan and related to the death of Decedent;

D. That the Court preliminarily and permanently restrain and enjoin all named defendants, together with all other persons acting in concert with them, and any other persons joined in this or in any other jurisdiction from instituting or proceeding with any action against MetLife, Verizon, or the Plan for the recovery of the Plan benefit pertaining to the death of Decedent, said injunction to include requiring the named parties to dismiss all claims against MetLife in the currently pending Rhode Island lawsuit and Florida lawsuit;

E. That the Court require all defendants to interplead their respective claims to the Plan benefit so paid into the Court;

F. That in the event it is found that additional persons or entities not yet named as parties to this action are or may be entitled to all or part of the Plan benefit, the Court require

such persons or entities to be made parties to this action and to respond to this Complaint in Interpleader;

G. That the Court award MetLife its costs, together with reasonable attorney's fees, to be paid out of the Plan benefit that MetLife seeks to deposit into the Registry of the Court; and

H. That the Court grant MetLife such other and further relief as may be deemed just and proper.

/s/ Timothy M. Bliss
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiff Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: November 26, 2007