UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>Plaintiffs | ) | C.A. No. 07-427ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR.,<br>STEPHANIE M. DRAINVILLE<br>and LAURA DRAINVILLE<br>Defendants | ) | |

**MOTION OF PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY FOR LEAVE TO DEPOSIT FUNDS IN THE REGISTRY OF THE COURT AND FOR OTHER RELIEF**

Plaintiff Metropolitan Life Insurance Company ("MetLife") moves pursuant to Federal Rule of Civil Procedure 67 and 28 U.S.C. § 2361 to deposit into the Registry of the Court the amount of $174,000, which is the combined death benefit payable under the Verizon Group Life Insurance Plan (the "Plan"), plus any accrued interest, subject to MetLife's entitlement to deduct its attorney's fees and costs. The Plan is regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). The Plan benefit at issue is funded by group life insurance policies issued by MetLife to Verizon Communications, Inc. ("Verizon").

MetLife further moves that, upon depositing the Plan benefit in the Registry of the Court, MetLife, Verizon and the Plan be fully, completely and forever discharged from all further liability and obligation under the Plan with respect to the death of Paul M. Drainville, Sr. ("Decedent"), and that all other parties be permanently restrained and enjoined from instituting, maintaining or prosecuting any action or proceeding against MetLife, Verizon, or the Plan for the recovery of the Plan benefit pertaining to Decedent.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: December 11, 2007

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

I hereby certify that I electronically filed the within motion on December 11, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>Plaintiff<br><br>v.<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>Defendants | ) | C.A. No. 07-427ML |

**MEMORANDUM OF LAW OF PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY IN SUPPORT OF ITS CONSENTED-TO MOTION FOR LEAVE TO DEPOSIT FUNDS IN THE REGISTRY OF THE COURT AND FOR OTHER RELIEF**

Plaintiff Metropolitan Life Insurance Company ("MetLife") moves pursuant to Federal Rule of Civil Procedure 67 and 28 U.S.C. § 2361 to deposit into the Registry of the Court the amount of $174,000, which is the combined death benefit payable under the Verizon Group Life Insurance Plan (the "Plan"), plus any accrued interest, subject to MetLife's entitlement to deduct its attorney's fees and costs. The Plan is regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). The Plan benefit at issue is funded by group life insurance policies issued by MetLife to Verizon Communications, Inc. ("Verizon").

I. FACTUAL BACKGROUND

This action involves a dispute over a benefit payable upon the death of Paul M. Drainville, Sr. ("Decedent") under the Plan. Basic Life coverage under the Plan provides a benefit of $10,000. Optional Life coverage, as selected by Decedent, provides a benefit of two times the annual rate of pay at the time of retirement, for $164,000. Thus, the total Plan benefit amount, for both Basic and Optional Life coverage, is $174,000 (the "Plan benefit").

The Plan benefit is subject to claims by Decedent's widow, Laura Drainville ("Laura"), as well as his two adult children, Paul M. Drainville, Jr. ("Paul Jr.") and Stephanie M. Drainville ("Stephanie"). Laura's claim is based on the deceased's designation of her as the sole primary beneficiary. She has sued MetLife in a Florida federal district court for the Plan benefit. Paul Jr. and Stephanie base their claim on a provision of a divorce decree executed by Decedent and their mother that purportedly required Decedent to designate Paul Jr. and Stephanie as primary beneficiaries of the Plan benefit. Paul Jr. and Stephanie have sued MetLife in Rhode Island Superior Court for the Plan benefit.

Because of these competing claims, MetLife has filed this action in interpleader to pay the Plan benefit into the Registry of this Court and be relieved from any further obligations under the Plan as a consequence of Decedent's death. MetLife claims no interest in the Plan benefit, other than to be reimbursed for its attorney's fees and costs. MetLife now move for an order: 1) permitting it to pay the Plan benefit and interest into the Court's Registry, subject to its entitlement to deduct its attorney's fees and costs therefrom; 2) relieving MetLife, the Plan and Verizon from any further liability for any Plan benefit pertaining to the death of Paul Sr.; and 3) thereafter excusing MetLife from further participation in this action.

## II. ARGUMENT

It is well recognized that "in the absence of a statute making provision to the contrary, a party who is confronted with conflicting claims to a fund in his possession and who claims no interest therein, may in good faith interplead the several claimants, deposit the fund involved in the registry of the Court and recover his reasonable costs and counsel fees out of such fund." *See Narragansett Bay Gardens, Inc. v. Grant Construction Co., Inc.*, 176 F. Supp. 451,

454-55 (D.R.I. 1959) (citations omitted). Once the Court determines that a disinterested stakeholder is entitled to interpleader relief, then the Court should dismiss that stakeholder from the litigation after it deposits the disputed property into the care of the Court. *See, e.g., American Family Mut. Ins. Co. v. Brown*, No. 06-1339-JTM, 2007 WL 1586125, *3 (D. Kan. May 31, 2007). The Court may also enjoin the parties from instituting or prosecuting claims against the employer and the Plan relating to the disputed Plan benefits following the deposit of the same with the Registry of the Court. *See Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. Mar. 5, 2007). *See also Metropolitan Life Ins. Co. v. Hardin*, 23 F. Supp. 2d 934, 940 (S.D. Ind. 1998).

The facts in this case present a classic case for interpleader relief. MetLife is a disinterested stakeholder willing to pay the proceeds to the person(s) entitled to receive the same, but is unable to make that determination without facing potentially multiple liabilities. *See Narragansett Bay Gardens, Inc.*, 174 F. Supp. at 454-55. As such, the Plan benefit in dispute should be deposited into the Registry of the Court. *See Unicare Life & Health Ins. Co. v. Phanor*, 472 F. Supp. 2d 8, 10 (D. Mass. January 30, 2007). *See also, Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997); *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990). Depositing the Plan benefit with the Court not only safeguards the funds, but also facilitates the execution of judgment. Therefore, the Court should grant MetLife leave to deposit into the Registry of the Court the Plan benefit at issue.

Once the Plan benefit has been paid into the Registry, MetLife should be discharged from this action without further liability. *See Brown*, 2007 WL 1586125 at *3. Furthermore, all parties thereafter should be permanently enjoined from prosecuting any claims

against MetLife, Verizon, or the Plan for the recovery of the Plan benefit pertaining to the death of Decedent. *See Hardin*, 23 F. Supp. 2d at 940.

Finally, MetLife respectfully submits that it is entitled to an award of reasonable attorney's fees and costs, which are to be deducted from the funds to be paid into the Registry prior to distribution thereof. *See American Gen. Life Ins. Co. v. Churchill*, No. CV-06-61-B-W, 2006 WL 2948086, *1 (D. Me. 2006) ("The general rule, which is followed in the First Circuit, is that attorney's fees are awarded in interpleader actions 'to compensate a totally disinterested stakeholder who had been, by reason of the possession of the fund, subjected to conflicting claims through no fault of its own.'"), *quoting, in part, Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962); *Mutual of Omaha Ins. Co. v. Estate of Arachikavitz*, No. 2:06-cv-00830-BES (LRL), 2007 WL 2788604, *4 (D. Nev. September 21, 2007). Such awards are frequently made where, as here, the party filing the interpleader action is a disinterested stakeholder forced to bring the action to determine the rightful claimant. *See, e.g.*, *Narragansett Bay Gardens, Inc.*, 174 F. Supp. at 454-55 (both federal and state courts in Rhode Island follow rule allowing disinterested stakeholder to recover reasonable attorney's fees and costs); *see also Churchill*, 2006 WL 2948086 at *1.

## III. CONCLUSION

For the foregoing reasons, MetLife moves to deposit into the Registry of the Court the amount of $174,000, which is the Plan benefit payable under the Plan, plus any accrued interest, subject to MetLife's entitlement to its attorney's fees and costs. MetLife further moves that it, Verizon and the Plan be discharged from any and all liability in connection with the Plan benefit

which is the subject matter of this action and that MetLife be excused from further proceedings in this matter.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: December 11, 2007

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

I hereby certify that I electronically filed the within memorandum on December 11, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten