UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>Plaintiffs | ) | C.A. No. 07-427ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>Defendants | ) | |

**MOTION BY PLAINTIFF METROPOLITAN LIFE INSURANCECOMPANY TO ENJOIN PROSECUTION OF COLLATERAL PROCEEDINGS FOR RECOVERY OF INTERPLEADER FUNDS**

Pursuant to 28 U.S.C. § 2361 plaintiff Metropolitan Life Insurance Company ("MetLife") moves for an order restraining defendants and those acting in concert with them, and any other persons joined in this or in any other jurisdiction from instituting, maintaining or prosecuting any proceeding in any state or United States court against MetLife for recovery of the Plan benefit that is the subject of this action, or any part thereof.

MetLife further requests that the order require Defendants Paul M. Drainville, Jr. and Stephanie M. Drainville to dismiss all claims against MetLife in that certain lawsuit titled "Paul M. Drainville, Jr. and Stephanie M. Drainville v. Metropolitan Life Insurance Company, The Estate of Paul M. Drainville, Sr., by and through its Executrix, Laura Drainville, and Laura Drainville, individually," C.A. No. 07-5770 in the State of Rhode Island, Providence County Superior Court, and Defendant Laura Drainville to dismiss all claims against MetLife in that certain lawsuit titled "Laura Drainville as beneficiary of Paul Drainville v. Metropolitan Life Insurance Company," Case Number 6:07-CV-1727-ORL-18KRS in the United States District Court for the Middle District of Florida, Orlando Division.

In support of this motion, MetLife submits the Affidavit of Timothy D. Copperwheat, together with a supporting memorandum of law.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: December 11, 2007

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

I hereby certify that I electronically filed the within motion on December 11, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

METROPOLITAN LIFE INSURANCE COMPANY )
Plaintiffs ) C.A. No. 07-427ML
)
v. )
)
PAUL M. DRAINVILLE, JR., )
STEPHANIE M. DRAINVILLE )
and LAURA DRAINVILLE )
Defendants )

**MEMORANDUM OF LAW OF PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY IN SUPPORT OF MOTION TO ENJOIN PROSECUTION OF COLLATERAL PROCEEDINGS FOR RECOVERY OF INTERPLEADER FUNDS**

Pursuant to 28 U.S.C. § 2361 plaintiff Metropolitan Life Insurance Company ("MetLife") moves for an order restraining defendants and those acting in concert with them, and any other persons joined in this or in any other jurisdiction from instituting, maintaining or prosecuting any proceeding in any state or United States court against MetLife for recovery of the Plan benefit that is the subject of this action, or any part thereof.

I. INTRODUCTION

This action involves a dispute over a benefit payable under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), and funded by group life insurance policies issued by MetLife to Verizon Communications, Inc. ("Verizon"). The Plan benefit at issue is subject to claims by a deceased Plan participant's widow, as well as his two adult children. The widow's claim is based on the decedent's designation of her as the sole primary beneficiary. She has sued MetLife in Florida for the Plan benefit at issue. The decedent's two adult children base their

claim on a provision of a divorce decree entered by the Providence Family Court on or about February 25, 1992 that purportedly required the decedent to maintain life insurance coverage with his children as co-equal beneficiaries. The two children have sued MetLife in the Rhode Island Superior Court for the Plan benefit at issue. Because of these competing claims for the same Plan benefit, MetLife has filed this interpleader to be relieved from these adverse actions and of any further obligations under the Plan regarding this decedent.

MetLife now moves for an order preliminarily and, upon deposit of the Plan benefit in the Registry of the Court, permanently restraining and enjoining the claimants from initiating, maintaining or prosecuting any action or proceeding against MetLife, Verizon, or the Plan for the Plan benefit and requiring them to prosecute any such claim for the Plan benefit as among themselves in this action.

## II. FACTS

The late Paul M. Drainville, Sr. ("Decedent") was employed by Verizon. Copperwheat Affidavit ¶ 5. In connection with his employment, Decedent was eligible to elect coverage under the Verizon Group Life Insurance Plan (the "Plan"). *Id.* MetLife served as the claims fiduciary of the Plan. *Id.* ¶ 4. Decedent participated in the Plan, electing Basic ("Basic Life") and Optional ("Optional Life") coverage. *Id.* ¶ 5.

Basic Life coverage provides a death benefit of $10,000. *Id.* ¶ 6. Optional Life coverage, as elected by Decedent, provides a death benefit of two times the annual rate of pay received at the time of retirement. *Id.*

MetLife was notified that Decedent died on June 15, 2007. *Id.* ¶ 8. As a result, the $174,000 combined Plan benefit became payable under the Plan to one or more of the

defendants, under the terms ERISA and the terms of the Plan. *Id. See also,* ERISA, 29 U.S.C. § 1002(8) (defining beneficiary in pertinent part as "the person named by the participant").

On or about May 7, 2001, Decedent executed a beneficiary designation form, designating his wife, Laura Drainville ("Laura"), as the sole primary beneficiary of the Plan benefit from Basic and the Optional Life coverage. *Id.* ¶ 7.

On or about August 6, 2007, MetLife received a Life Insurance Claim Form from Laura in which she claimed the Basic and Optional Life Plan benefit. *Id.* ¶ 9. Days later MetLife received correspondence from Pamela Drainville ("Pamela"), the ex-wife of Decedent and the mother of Decedent's adult children, Paul M. Drainville, Jr. ("Paul Jr.") and Stephanie M. Drainville ("Stephanie"), whose respective dates of birth are September 5, 1975, and July 8, 1989. *Id.* ¶ 10. Pamela provided MetLife with a copy of a divorce decree (the "Divorce Decree") entered by the Providence Family Court on or about February 25, 1992. *Id.* Pamela requested that MetLife review Section 3.4 of the Divorce Decree regarding the beneficiaries of the Decedent's life insurance. Section 3.4 of the Divorce Decree provides, in part, "Until the youngest child's 22nd birthday, the parties shall each maintain the children as primary beneficiaries (in equal shares) of each party's life insurance which is currently provided through each party's employment by New England Telephone Company. The face amount of the coverage currently is three times each party's annual earnings; and the parties shall maintain that level of coverage so long as the employer provides it as an employment benefit." *Id.* ¶ 11.

The First Circuit has not definitively ruled on the issue of whether Qualified Domestic Relations Orders ("QDROs") trump the beneficiary designation within the life insurance benefit context. *See Barrs v. Lockheed-Martin Corp.*, 287 F.3d 202, 208-09 (1st Cir. 2002). Even if QDROs are found to apply, MetLife was unable to determine whether the

Divorce Decree language here sufficiently complies with the statutory requirements to be a QDRO. ERISA, 29 U.S.C. § 1056(d).

On or about August 29, 2007, MetLife wrote to Laura, Paul Jr. and Stephanie advising that it had received competing claims to the Plan benefit. Copperwheat Affidavit ¶ 12. MetLife advised that their claims raised issues of fact and law that it could not determine without exposing the Plan to double liability and, therefore, that it was required to commence an interpleader action unless they notified MetLife within 30 days that they would be able to resolve the controversy among themselves in order to preserve the Plan benefits from litigation costs and fees. *Id.*

Notwithstanding, Paul Jr. and Stephanie filed an action in the Providence County, Rhode Island, Superior Court captioned, *Paul M. Drainville, Jr., et al. v. Metropolitan Life Insurance Company, et al.*, P.C. No. 07-5770 (the "Rhode Island Action") on or about October 29, 2007. *Id.* ¶ 13. In the Rhode Island Action, Paul Jr. and Stephanie sue MetLife for an alleged breach of fiduciary duty based on "MetLife's failure to interplead . . . or to pay to Plaintiffs, in equal shares, the proceeds from [the Plan]."

The next day, Laura sued MetLife for the Plan benefit in the United States District Court for the Middle District of Florida, Orlando Division, captioned, *Laura Drainville v. Metropolitan Life Insurance Company*, Case No. 6:07-cv-1727-Orl-18KRS (the "Florida Action"). *Id.* ¶ 14.

The Plan benefit in question remains to be distributed. MetLife does not claim any interest in the Plan benefit. Each of the defendants, Paul Jr., Stephanie and Laura claims to be entitled to the Plan benefit. As a result of the dispute among the claimants, MetLife faces multiple liability and litigation if payment of the Plan benefit is made to any of them. *Id.* ¶ 15.

MetLife is a disinterested stakeholder, exposed to multiple liabilities and litigation as a result of the adverse claims to the Plan benefit, unless the Plan benefit is paid into the Registry of the Court and the competing claims adjudicated by the Court. *Id.* ¶ 16. Upon approval by the Court, MetLife is prepared to deposit into the Registry of this Court the sum of One Hundred Seventy-Four Thousand Dollars ($174,000), plus any applicable interest, (the "Plan benefit") in the Court's Registry or as otherwise directed by this Court.[1] *Id.*

## III. ARGUMENT

The Federal Interpleader Act, 28 U.S.C. § 1335, permits a stakeholder in possession of money or property subject to competing claims "to put the money or other property in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993). Once a stakeholder files an interpleader action pursuant to § 1335, the federal district court in which the action is pending is empowered to issue an order to "halt any proceeding the court deems inconsistent with the interpleader proceeding." *United States v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978). *See also* Wright and Miller, *Federal Practice and Procedure*, § 1717 (2007). Specifically, after an interpleader action is filed, "a district court may . . . enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361.

"Once the procedural prerequisites of statutory interpleader are satisfied (jurisdiction over the interpleader action and deposit of the subject fund with the court) the

[1] MetLife intends to seek recovery of its reasonable attorneys fees from the Plan benefit, once deposited into the Registry of the Court.

issuance of an injunction under § 2361 is entirely within the discretion of the district judge." *Shell Pipe Line Corp. v. West Texas Marketing Corp.*, 540 F. Supp. 1155, 1162 (S.D. Tex. 1982).

MetLife has filed this interpleader pursuant to 28 U.S.C. § 1335 seeking to pay into the Registry of the Court the Plan benefit claimed by Laura, Paul Jr. and Stephanie. Laura, or Paul Jr. and Stephanie currently maintain two separate actions against MetLife regarding the Plan benefit that is the subject of this case. An order enjoining Laura and Paul Jr. and Stephanie from prosecuting their separate actions against MetLife is necessary to prevent the possibility of MetLife facing inconsistent judgments regarding the Plan benefit at issue. *See Illinois Employers Ins. of Wausau v. Mihalcik*, 801 F.2d 949, 951 (7th Cir. 1986) (affirming district court order enjoining defendant from attempting to collect default judgment against insurer that had filed interpleader action where default judgment arose out of defendant's claim to interpleader funds). The avoidance of inconsistent judgments is one of the primary purposes for the Court's power to issue an injunction in a federal interpleader action pursuant to § 2361. *See* Wright and Miller, *Federal Practice and Procedure,* § 1717 (2007). *See also Illinois Employers Ins.*, 801 F.2d at 951 (observing that "to allow [the interpleader defendant] to prevail on his attempt [to collect a default judgment against the stakeholder] would encourage the multiple litigation and race to judgment, which the interpleader procedure is intended to prevent) (internal quotation and citation omitted).

## IV. CONCLUSION

For the forgoing reasons, plaintiff respectfully requests that the Court preliminarily and, upon deposit of the Plan benefit into the Registry of the Court, permanently restrain and enjoin all defendants from initiating or prosecuting any action or proceeding against MetLife, Verizon, and the Plan for the recovery of the Plan benefit at issue in this action.

MetLife further requests that the order specifically require Defendants Paul M. Drainville, Jr. and Stephanie M. Drainville to dismiss all claims against MetLife in that certain lawsuit titled "Paul M. Drainville, Jr. and Stephanie M. Drainville v. Metropolitan Life Insurance Company, The Estate of Paul M. Drainville, Sr., by and through its Executrix, Laura Drainville, and Laura Drainville, individually," C.A. No. 07-5770 in the State of Rhode Island, Providence Superior Court; and require Defendant Laura Drainville to dismiss all claims against MetLife in that certain lawsuit titled "Laura Drainville as beneficiary of Paul Drainville v. Metropolitan Life Insurance Company," C.A. No. 6:07-CV-1727-ORL-18KRS in the United States for the Middle District of Florida, Orlando Division.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: December 11, 2007

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

I hereby certify that I electronically filed the within memorandum of law on December 11, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten