# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>Plaintiff, | ) | C.A. No. 07-427ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR.,<br>STEPHANIE M. DRAINVILLE<br>and LAURA DRAINVILLE<br>Defendants | ) | |

STATE OF NEW YORK )
) ss:
COUNTY OF ONEIDA )

AFFIDAVIT OF TIMOTHY D. COPPERWHEAT

I, Timothy D. Copperwheat, being duly sworn, state:

1. I am over the age of 18 years and am a resident of Rome, New York. I have personal knowledge of the matters stated in this affidavit and, if called as a witness, could and would competently testify thereto.

2. I am employed by Metropolitan Life Insurance Company ("MetLife") as a Senior Examiner for Group Life Claims Operations. In this capacity, I am responsible for supervising claims processing for life insurance claims for group clients such as Verizon. I have knowledge of MetLife's claims procedures and record-keeping procedures with respect to such claims. All documents in MetLife's claims files for such life insurance claims, including the claim arising

from the death of Paul M. Drainville Sr. at issue in this litigation, are placed into the claims file at or about the time such documents are received or generated by MetLife.

3. I specifically have knowledge with respect to the claims handling and the claims file concerning benefits arising from the death of Paul M. Drainville, Sr. All documents referenced in this affidavit, except for the Summary Plan Description attached as Exhibit A, are true and correct copies of documents in MetLife's claims file with respect to Plan benefits arising from the death of Paul M. Drainville, Sr.

4. MetLife served as the claims fiduciary of the Verizon Plan for Group Insurance (the "Plan"). The Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). A true and correct copy of the Summary Plan Description for the Plan is attached as Exhibit A to the Complaint.

5. In connection with his employment, the late Paul M. Drainville, Sr. ("Decedent") was eligible to elect coverage under the Plan. The Decedent participated in the Plan, electing Basic ("Basic Life") and Optional ("Optional Life") coverage. A true and correct copy of the document by which MetLife was advised of these facts is attached as Exhibit B to the Complaint, and is entitled "MetLife Life Insurance Claim Form, Employer's Statement." This document was provided to MetLife by Verizon after the death of the Decedent.

6. The Basic Life coverage provides a death benefit of $10,000. The Optional Life coverage, as elected by the Decedent, , provided a death benefit, at the time of the Decedent's death, of $164,000.00. Thus, the total Plan benefit at issue, combining Basic Life and Optional Life coverage, is $174,000.00. Again, this information was provided to MetLife by Section B of

Complaint Exhibit B, the MetLife Life Insurance Claim Form, Employer's Statement, a document that was provided to MetLife by Verizon after the death of the Decedent.

7. On or about May 7, 2001, the Decedent executed a beneficiary designation form, designating his wife, Laura Drainville ("Laura"), as the sole primary beneficiary of the Plan benefit from Basic and the Optional Life coverage. A true and correct copy of this form is attached as Exhibit C to the Complaint.

8. MetLife was notified that the Decedent died on June 15, 2007. As a result, the $174,000 combined Plan benefit became payable under the Plan. Complaint, Exhibit B.

9. On or about August 6, 2007, MetLife received a Life Insurance Claim Form from Laura in which she claimed the Basic and Optional Life Plan benefit. A true and correct copy of this claims form is attached as Exhibit D to the Complaint.

10. On or about August 13, 2007, MetLife received correspondence from Pamela Drainville ("Pamela"), the ex-wife of the Decedent and the mother of the Decedent's adult children, Paul M. Drainville, Jr. ("Paul Jr.") and Stephanie M. Drainville ("Stephanie"). A true and correct copy of this letter, including its attached exhibit, a divorce decree, is attached to the Complaint as Exhibit E. Pamela provided MetLife with a copy of a divorce decree (the "Divorce Decree") entered by the Providence, Rhode Island Family Court on or about February 25, 1992. Complaint, Exhibit E, attached divorce decree.

11. Section 3.4 of the Divorce Decree provides that, "Until the youngest child's 22nd birthday, the parties shall each maintain the children as primary beneficiaries (in equal shares) of each party's life insurance which is currently provided through each party's employment by New

England Telephone Company. The face amount of the coverage currently is three times each party's annual earnings; and the parties shall maintain that level of coverage so long as the employer provides it as an employment benefit . . . ." Complaint, Exhibit E, attached divorce decree.

12. On or about August 29, 2007, MetLife wrote to Laura, Paul Jr. and Stephanie advising that it had received competing claims to the death benefit. MetLife advised that it could not determine which of the claimants were entitled to receive the Plan benefit and, therefore, unless they resolved their competing claims among themselves within 30 days, MetLife would file an interpleader action. A true and correct copy of this letter is attached to the Complaint as Exhibit F.

13. On or about October 29, 2007, Paul Jr. and Stephanie filed an action seeking the Plan benefit in the Providence County, Rhode Island, Superior Court captioned, Paul M. Drainville, Jr., et al. v. Metropolitan Life Insurance Company, et al., P.C. No. 07-5770 (the "Rhode Island Action") on or about October 29, 2007. A true and correct copy of this Complaint is attached to the Complaint as Exhibit G. Paul Jr. and Stephanie claim the Plan benefit based on section 3.4 of the Divorce Decree.

14. On or about October 30, 2007, Laura filed an action seeking the Plan benefit in the United States District Court for the Middle District of Florida Orlando Division captioned, Laura Drainville v. Metropolitan Life Insurance Company, Case No. 6:07-cv-1727-Orl-18KRS (the "Florida Action"). A true and correct copy of the Complaint is attached to the Complaint as Exhibit H. Laura claims the Plan benefit based on Paul Sr.'s beneficiary designation.

15. The multiple claims and competing lawsuits for the same Plan benefits expose MetLife to the expense of multiple lawsuits and the risk of multiple liability and inconsistent adjudications.

16. MetLife claims no interest in the Plan benefits. MetLife stands ready to deposit the Plan benefits into the registry of the Court pursuant to Court order.

I declare under penalty of perjury that the foregoing is true and correct.

TIMOTHY D. COPPERWHEAT

Sworn to and subscribed before me this 26 day of November, 2007, by Timothy D. Copperwheat, who is personally known to me ___ or who produced ____________ as identification.

NOTARY PUBLIC
My Commission Expires 6-4-2011

ANDREW BORELLI
Notary Public in the State of New York
Reg. #01BO6167963
Qualified in Oneida County
My Commission Expires June 4, 20 11

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

I hereby certify that I electronically filed the within affidavit on December 11, 2007. The affidavit is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten