**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>*v.*<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>*v.*<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>*v.*<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**ANSWER TO AMENDED COMPLAINT, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT OF PAUL M. DRAINVILLE, JR., AND STEPHANIE M. DRAINVILLE**

**ANSWER TO AMENDED COMPLAINT**

Defendants, Paul M. Drainville, Jr. and Stephanie M. Drainville ("Defendants"), hereby respond to Plaintiff's Amended Complaint in Interpleader as follows:

Introduction

1. Paragraph 1 constitutes an introductory statement and conclusions of law regarding this litigation to which an answer is not required. To the extent that an answer may be required, however, Defendants deny the allegations set forth in Paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

2. Defendants deny the allegations set forth in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

The Parties

3. Defendants are informed, believe, and therefore admit the allegations set forth in Paragraph 3.

4. Admitted.

5. Admitted.

6. Defendants are informed, believe, and therefore admit the allegations set forth in Paragraph 6.

Jurisdiction and Venue

7. The allegations set forth in Paragraph 7 constitute conclusions of law to which an answer is not required. To the extent that an answer may be required, Defendants deny such allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

8. The allegations set forth in Paragraph 8 constitute conclusions of law to which an answer is not required. To the extent that an answer may be required, Defendants deny such allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

9. The allegations set forth in Paragraph 9 constitute conclusions of law to which an answer is not required. To the extent that an answer may be required, Defendants deny such allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

10. The allegations set forth in Paragraph 10 constitute conclusions of law to which an answer is not required. To the extent that an answer may be required, Defendants deny such allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

## Count One: The Interpleader Claim

11. Defendants are informed, believe, and therefore admit that Decedent was employed by Verizon.

12. Defendants deny the allegations set forth in Paragraph 12, and refer Plaintiff to the Summary Plan Description for the Plan, which speaks for itself.

13. Defendants deny the allegations set forth in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

14. Defendants are informed, believe, and therefore admit the allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

16. Defendants deny the allegations set forth in Paragraph 16 for lack of knowledge and information sufficient to form a belief as to the truth thereof.

17. Defendants admit that Decedent died on June 15, 2007 and that life insurance proceeds became due and payable. Defendants deny the remaining allegations set forth in Paragraph 17 for lack of knowledge and information sufficient to form a belief as to the truth thereof.

18. Defendants deny the allegations set forth in Paragraph 18 for lack of knowledge and information sufficient to form a belief as to the truth thereof.

19. Defendants deny the allegations set forth in Paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

20. Defendants admit that Pamela Drainville is their mother and the ex-wife of their father, the Decedent. Defendants deny the remaining allegations set forth in Paragraph 20, and refer Plaintiff to the letter from Pamela Drainville dated August 13, 2007, the Final Judgment of Divorce, and the Property Settlement Agreement, each of which speaks for itself.

21. Defendants deny the allegations set forth in Paragraph 21, and, for more accuracy, refer Plaintiff to the Property Settlement Agreement, which speaks for itself.

22. The allegations set forth in Paragraph 22 constitute conclusions of law to which an answer is not required. To the extent that an answer may be required, Defendants deny such

allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

23. Defendants admit that they received a letter from Metropolitan Life Insurance Company dated August 29, 2007. Defendants deny the remaining allegations set forth in Paragraph 23, and refer Plaintiff to the letter dated August 29, 2007 addressed to Laura Drainville, Paul Drainville, and Stephanie Drainville, which speaks for itself.

24. Defendants admit to having filed the Rhode Island Action. Defendants deny the remaining allegations set forth in Paragraph 24, but for greater accuracy, refer Plaintiff to the Amended Complaint in the Rhode Island Action, which speaks for itself.

25. Defendants are informed, believe, and therefore admit that on or about October 30, 2007, Laura filed the Florida Action. Defendants deny the remaining allegations set forth in Paragraph 25, and refer Plaintiff to the Complaint in the Florida Action, which speaks for itself.

26. Defendants admit that MetLife is faced with competing claims for the Plan benefits and, as a result of its own failure to act timely, is faced with competing lawsuits filed in different forums and the possibility of inconsistent judgments in the competing lawsuits. The remainder of the allegations in Paragraph 26 constitutes conclusions of law to which an answer is not required. To the extent that an answer may be required, Defendants deny such allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

27. Defendants admit that the Plan benefits in question remain to be distributed. Defendants deny the remaining allegations set forth in Paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

28. Admitted.

29. Defendants deny the allegations set forth in Paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

30. Defendants admit that MetLife is exposed to multiple liabilities as a result of the adverse claims to the Plan benefits and its own failure to act timely. Defendants further admit that the Plan benefits should be deposited with the Registry of this Court. Defendants deny the remaining allegations set forth in Paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

31. Defendants admit that any deposit of Plan benefits should be in the full amount of the death benefit, plus accrued interest from the date of death until the date of the deposit. The remaining allegations within Paragraph 31 do not require an answer. To the extent that an answer may be required, Defendants deny the allegations set forth in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

32. Defendants admit that MetLife should pay all attorneys' fees incurred as its own expense (not from Plan benefits). Defendants deny the allegations set forth in Paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth thereof, and therefore leave Plaintiff to its proof.

WHEREFORE, Defendants respectfully request:

A. That the sum of One Hundred Seventy-Four Thousand Dollars ($174,000), plus all interest accrued retroactive to Decedent's date of death, June 15, 2007 (the "Plan benefit"), be deposited by MetLife into the Registry of the United States

District Court, District of Rhode Island forthwith and that interest be included through the date of deposit;

B. That the Court deny MetLife's petition for costs and fees to be paid out of the Plan benefit;

C. That, in the event that this Court awards MetLife any costs and fees to be paid out of the Plan benefit, Defendants be afforded the opportunity to conduct discovery and contest the amount awarded;

D. Such other and further relief as this Court deems just and proper.

**Defendants hereby demand a trial by jury on all counts so triable.**

/s/ Paul M. Sanford___________
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: January 25, 2008

## COUNTERCLAIM

### Overview

This Counterclaim is brought by Paul M. Drainville, Jr. and Stephanie M. Drainville ("Counterclaim-Plaintiffs"), brother and sister, to enforce a Rhode Island Family Court Property Settlement Agreement entered into by their parents, Paul M. Drainville, Sr. (now deceased) and Pamela D. Drainville. The Property Settlement Agreement provided certain financial benefits to Counterclaim-Plaintiffs, including but not limited to life insurance proceeds payable upon the

death of their father. However, Counterclaim-Plaintiffs' step-mother, Laura Drainville, has made an improper claim for the insurance proceeds. Metropolitan Life Insurance Company ("MetLife") has not paid out the insurance proceeds, and waited more than five months after Mr. Drainville's death to file its interpleader action.

The Parties

1. Counterclaim-Plaintiff Paul M. Drainville, Jr. ("Paul") is a resident of Providence, RI, and the adult son of the late Paul M. Drainville, Sr. ("Mr. Drainville").

2. Counterclaim-Plaintiff Stephanie M. Drainville ("Stephanie") is a resident of Providence, RI, and the adult daughter of the late Mr. Drainville. Stephanie is presently enrolled as a full-time student at Northeastern University in Boston, Massachusetts.

3. Upon information and belief, Counterclaim-Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company under the laws of the State of New York, having its principal place of business in the State of New York.

Jurisdiction/Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 as a dispute between adverse claimants of diverse citizenship who claim or may be entitled to a Plan benefit of more than $500. The amount in controversy is met because the benefits at issue total $174,000. The minimal diversity requirement of 28 U.S.C. § 1335 is met because two of the competing claimants reside in Rhode Island and the other resides in Florida.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b).

Background

6. Paul and Stephanie are the natural children of Mr. Drainville and Pamela D. Drainville ("Pamela").

7. Mr. Drainville and Pamela divorced in 1992, when Paul was 16 years old, and Stephanie was 2 years old.

8. In connection with their divorce, Mr. Drainville and Pamela entered into a Property Settlement Agreement (the "Agreement") on November 22, 1991, which was filed with and approved by the Providence Family Court, and which was incorporated but not merged into the Final Judgment of Divorce.

9. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings.

10. Pursuant to the Agreement, Mr. Drainville was to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses to the extent of his ability to pay.

11. In the event of a breach of the Agreement, the breaching party shall be liable for all costs and expenses reasonably necessary to enforce of the terms of the Agreement, including reasonable attorneys' fees.

12. The provisions of the Agreement are binding upon Mr. Drainville's respective heirs, executors, administrators and assigns.

**COUNT I**
(*Breach of Fiduciary Duty*)

13. Counterclaim-Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 12, inclusive, as if fully set forth herein.

14. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings.

15. Mr. Drainville was employed by Verizon Communications, Inc. ("Verizon"), and his life insurance policy was with MetLife.

16. At the time of his death on June 15, 2007, the amount of Mr. Drainville's life insurance benefit was $174,000.

17. Upon information and belief, Mr. Drainville's annual salary with Verizon ultimately reached $82,000, which would have required him to maintain a level of life insurance coverage of three times that amount, or $246,000.

18. There is a shortfall in the level of coverage in Mr. Drainville's life insurance benefit of approximately $72,000.

19. Pursuant to the Agreement, upon Mr. Drainville's death, MetLife had a fiduciary duty to pay to Paul and Stephanie, in equal shares, the proceeds from Mr. Drainville's life insurance policy, but has not done so because Laura Drainville (the "Stepmother"), the widow of Mr. Drainville and step-mother of Paul and Stephanie, has made a claim to the life insurance proceeds.

20. MetLife has not paid Paul and Stephanie any proceeds from Mr. Drainville's life insurance policy, waited more than five months after Mr. Drainville's death to file an interpleader action, waited more than seven months to deposit the Plan benefits with any court registry, and is in breach of its fiduciary duty to act timely and pay the proceeds.

21. As intended third-party beneficiaries of the Agreement (and thus Mr. Drainville's life insurance policy) Paul and Stephanie have suffered damages proximately caused by MetLife's failure to timely interplead the funds or to pay to Counterclaim-Plaintiffs, in equal shares, the proceeds from Mr. Drainville's policy.

WHEREFORE, Counterclaim-Plaintiffs seek judgment for interpleader and/or compensatory damages against MetLife in an amount sufficiently within this Honorable Court's jurisdiction, together with interest and costs, and such further relief as this Court deems proper and just.

/s/ Paul M. Sanford
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: January 25, 2008

## CROSSCLAIM

### Overview

This Cross-Claim is brought by Paul M. Drainville, Jr. and Stephanie M. Drainville ("Cross-Claim Plaintiffs"), brother and sister, to enforce a Rhode Island Family Court Property Settlement Agreement entered into by their parents, Paul M. Drainville, Sr. (now deceased) and Pamela D. Drainville. The Property Settlement Agreement provided certain financial benefits to Cross-Claim Plaintiffs, including but not limited to life insurance proceeds payable upon the death of their father. However, Cross-Claim Plaintiffs' step-mother, Cross-Claim Defendant Laura Drainville, has not only made an improper claim for the insurance proceeds, but has, in effect, taken money which has been earmarked for contribution to Stephanie's reasonable and necessary costs of college tuition and expenses.

The Parties

1. Cross-Claim Plaintiff Paul M. Drainville, Jr. ("Paul") is a resident of Providence, RI, and the adult son of the late Paul M. Drainville, Sr. ("Mr. Drainville").

2. Cross-Claim Plaintiff Stephanie M. Drainville ("Stephanie") is a resident of Providence, RI, and the adult daughter of the late Mr. Drainville. Stephanie is presently enrolled as a full-time student at Northeastern University.

3. Cross-Claim Defendant, Laura Drainville ("the Stepmother"), is a resident of Winter Springs, Florida, and the widow of Mr. Drainville. Laura is the step-mother of Paul and Stephanie.

Jurisdiction/Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 as a dispute between adverse claimants of diverse citizenship who claim or may be entitled to a Plan benefit of more than $500. The amount in controversy is met because the benefits at issue total $174,000. The minimal diversity requirement of 28 U.S.C. § 1335 is met because two of the competing claimants reside in Rhode Island and the other resides in Florida.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a dispute between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b).

Background

7. Paul and Stephanie are the natural children of Mr. Drainville and Pamela D. Drainville ("Pamela").

8. Mr. Drainville and Pamela divorced in 1992, when Paul was 16 years old, and Stephanie was 2 years old.

9. In connection with their divorce, Mr. Drainville and Pamela entered into a Property Settlement Agreement (the "Agreement") on November 22, 1991, which was filed with and approved by the Providence Family Court, and which was incorporated but not merged into the Final Judgment of Divorce.

10. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings.

11. Pursuant to the Agreement, Mr. Drainville was to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses to the extent of his ability to pay.

12. In the event of a breach of the Agreement, the breaching party shall be liable for all costs and expenses reasonably necessary to enforce of the terms of the Agreement, including reasonable attorneys' fees.

13. The provisions of the Agreement are binding upon Mr. Drainville's respective heirs, executors, administrators and assigns.

**COUNT I**
(*Conversion*)

14. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 13, inclusive, as if fully set forth herein.

15. Pursuant to the Agreement, Mr. Drainville had a duty to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses, to the extent of his ability to pay.

16. Stephanie is and has been enrolled as a full-time student at Northeastern University.

17. Stephanie's reasonable and necessary costs of college tuition and expenses are estimated to be $225,000.

18. The provision in the Agreement requiring Mr. Drainville to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses is binding upon his heirs, executors, administrators and assigns.

19. Neither Mr. Drainville, during his lifetime, nor his Estate has contributed to Stephanie's reasonable and necessary costs of college tuition and expenses.

20. Upon information and belief, Mr. Drainville's widow, Laura Drainville (the "Stepmother") has, in effect, taken inheritance money which has been earmarked for contribution to Stephanie's reasonable and necessary costs of college tuition and expenses, without Stephanie's consent, and is exercising dominion over it inconsistent with Stephanie's right to possession, thus causing Stephanie to suffer damages.

WHEREFORE, Cross-Claim Plaintiffs seek judgment for compensatory damages against Laura Drainville in an amount sufficiently within this Honorable Court's jurisdiction, together with interest and costs, and such further relief as this Court deems proper and just.

**Cross-Claim Plaintiffs demand a jury trial on all counts so triable.**

/s/ Paul M. Sanford
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: January 25, 2008

## **THIRD-PARTY COMPLAINT**

### Overview

This Third-Party Complaint is brought by Paul M. Drainville, Jr. and Stephanie M. Drainville ("Third-Party Plaintiffs"), brother and sister, to enforce a Rhode Island Family Court Property Settlement Agreement entered into by their parents, Paul M. Drainville, Sr. (now deceased) and Pamela D. Drainville. The Property Settlement Agreement provided certain financial benefits to Third-Party Plaintiffs, including but not limited to life insurance proceeds payable upon the death of their father. However, Third-Party Plaintiffs' step-mother, Third-Party Defendant Laura Drainville, in her capacity as Executrix for The Estate of Paul M. Drainville, Sr., has not only made an improper claim to the insurance proceeds, but failed to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses.

### The Parties

1. Third-Party Plaintiff Paul M. Drainville, Jr. ("Paul") is a resident of Providence, RI, and the adult son of the late Paul M. Drainville, Sr. ("Mr. Drainville").

2. Third-Party Plaintiff Stephanie M. Drainville ("Stephanie") is a resident of Providence, RI, and the adult daughter of the late Mr. Drainville. Stephanie is presently enrolled as a full-time student at Northeastern University in Boston, Massachusetts.

3. Upon information and belief, Defendant Laura Drainville is the Executrix of the Estate of Paul M. Drainville, Sr. (the Estate of Paul M. Drainville, Sr. and Laura Drainville in her capacity as Executrix are collectively referred to as "the Estate").

### Jurisdiction/Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a dispute between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

Background

6. Paul and Stephanie are the natural children of Mr. Drainville and Pamela D. Drainville ("Pamela").

7. Mr. Drainville and Pamela divorced in 1992, when Paul was 16 years old, and Stephanie was 2 years old.

8. In connection with their divorce, Mr. Drainville and Pamela entered into a Property Settlement Agreement (the "Agreement") on November 22, 1991, which was filed with and approved by the Providence Family Court, and which was incorporated but not merged into the Final Judgment of Divorce.

9. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings.

10. Pursuant to the Agreement, Mr. Drainville was to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses to the extent of his ability to pay.

11. In the event of a breach of the Agreement, the breaching party shall be liable for all costs and expenses reasonably necessary to enforce of the terms of the Agreement, including reasonable attorneys' fees.

12. The provisions of the Agreement are binding upon Mr. Drainville's respective heirs, executors, administrators and assigns.

**COUNT I**

**(***Breach of Contract - Insurance Benefit)*

13. Third-Party Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 12, inclusive, as if fully set forth herein.

14. Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of life insurance coverage of three times his annual earnings.

15. Mr. Drainville was employed by Verizon, and his life insurance policy was with Metlife.

16. At the time of Mr. Drainville's death on June 15, 2007, the amount of Mr. Drainville's life insurance benefit was $174,000.

17. Upon information and belief, Mr. Drainville's annual salary with Verizon ultimately reached $82,000, which would have required him to maintain a level of coverage of three times that amount, or $246,000.

18. There is a shortfall in the level of coverage in Mr. Drainville's life insurance benefit of approximately $72,000.

19. By failing to maintain a level of life insurance coverage of three times his annual earnings Mr. Drainville violated the Rhode Island Family Court Agreement.

20. The provision in the Agreement requiring Mr. Drainville to maintain a level of life insurance coverage of three times his annual earnings is binding upon his heirs, executors, administrators and assigns.

21. As intended third-party beneficiaries of the Agreement, Paul and Stephanie have suffered damages resulting from the breach by Mr. Drainville of his contract with Pamela D. Drainville.

WHEREFORE, Third-Party Plaintiffs seek judgment for compensatory damages against the Estate in an amount sufficiently within this Honorable Court's jurisdiction, together with interest, costs, expenses, attorneys' fees, and such further relief as this Court deems proper and just.

**COUNT II**
(*Breach of Contract – Stephanie's Education)*

22. Third-Party Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. Pursuant to the Agreement, Mr. Drainville had a duty to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses, to the extent of his ability to pay.

24. Stephanie is presently enrolled as a full-time student at Northeastern University.

25. Stephanie's reasonable and necessary costs of college tuition and expenses are estimated to be $225,000.

26. The provision in the Agreement requiring Mr. Drainville to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses is binding upon his heirs, executors, administrators and assigns.

27. Neither Mr. Drainville, during his lifetime, nor the Estate has contributed to Stephanie's reasonable and necessary costs of college tuition and expenses.

28. By failing to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses, the Estate is in violation of the Agreement.

29. As an intended third-party beneficiary of that contract, Stephanie has suffered damages proximately resulting from the breach by the Estate of Mr. Drainville.

WHEREFORE, Third-Party Plaintiffs seek judgment for compensatory damages against the Estate in an amount sufficiently within this Honorable Court's jurisdiction, together with

interest and costs, and such further relief as this Court deems proper and just.

/s/ Paul M. Sanford___________
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr.*
*and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: January 25, 2008

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Timothy M. Bliss, Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903

I hereby certify that I electronically filed the within on January 25, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Paul M. Sanford

01210359.DOC