**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>*v.*<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>*v.*<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>*v.*<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**MEMORANDUM IN SUPPORT OF**
**OBJECTION (PARTIAL) TO METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR LEAVE TO DEPOSIT FUNDS IN THE REGISTRY OF COURT AND FOR OTHER RELIEF**

**INTRODUCTION**

Paul M. Drainville, Jr. and Stephanie M. Drainville, brother and sister, have made a claim

for, inter alia, insurance proceeds payable upon the death of their father, Paul M. Drainville, Sr., pursuant to a Rhode Island Family Court Property Settlement Agreement entered into by their father and mother. Laura Drainville, has also made a claim for the insurance proceeds.

Currently, MetLife retains the insurance proceeds. By failing to timely file an interpleader action, MetLife left the claimants with no reasonable alternative but to file their own lawsuits (one in Rhode Island state court, the other in a federal court in Florida) to force payment of the death benefits. MetLife waited more than five months after the date of death to file an interpleader action. Thus, despite written assurances that it would file an interpleader action, MetLife's dilatory actions in not doing so have now resulted in the filing of three lawsuits pending in two states.

MetLife seeks to deposit the sum of $174,000, less its attorney's fees and costs for which no amount has been identified and no supporting documentation offered in support of the attorney's fees claim. MetLife has also prematurely moved that it, Verizon, and the Plan be discharged from any and all liability in connection with the Plan benefit and that MetLife be excused from further proceedings in this matter.

**FACTUAL BACKGROUND**

Paul M. Drainville and Stephanie M. Drainville (hereinafter collectively referred to as "Respondents") are the natural children of Paul M. Drainville. Sr. ("Mr. Drainville" or "Decedent") and Pamela D. Drainville ("Pamela"). Mr. Drainville and Pamela divorced in 1992, when Paul was 16 years old, and Stephanie was 2 years old. In connection with their divorce, Mr. Drainville and Pamela entered into a Property Settlement Agreement (the "Agreement") on November 22, 1991, which was filed and approved by the Providence Family Court, and which was incorporated but not merged into the Final Judgment of Divorce.

Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings. Pursuant to the Agreement, Mr. Drainville was to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses. In the event of a breach of the Agreement, the breaching party shall be liable for all costs and expenses reasonably necessary to enforce the terms of the Agreement, including reasonable attorneys' fees. The provisions of the Agreement are binding upon Mr. Drainville's respective heirs, executors, administrators and assigns.

Mr. Drainville was employed by Verizon Communications, Inc. ("Verizon"), and his life insurance policy was with Metropolitan Life Insurance Company ("MetLife"). At the time of his death on June 15, 2007, it appears that the amount of Mr. Drainville's life insurance benefit was $174,000 (the "Plan benefit").[1] Pursuant to the Agreement, upon Mr. Drainville's death, MetLife had a fiduciary duty to pay to Paul and Stephanie, in equal shares, the proceeds from Mr. Drainville's life insurance policy, but has not done so. Laura Drainville (the "Stepmother"), also has made claim to the life insurance proceeds.

On August 29, 2007, MetLife sent a letter to Laura Drainville, Paul Drainville, and Stephanie Drainville following MetLife's review of the claims made by each to the Plan benefit. <u>See</u> *Plaintiff's Amended Complaint, Exhibit F*. MetLife advised each to decide within thirty (30) days whether they could reach an amicable compromise, adding that, if they could not, or if they did not timely notify MetLife in writing that they could or could not reach an amicable compromise, that MetLife would, as required by law, file an interpleader action to permit a court

[1] Upon information and belief, Mr. Drainville's annual salary with Verizon ultimately reached $82,000, which would have required him to maintain a level of life insurance coverage of three times that amount, or $246,000. There is a shortfall on the level of coverage in Mr. Drainville's life insurance benefit of approximately $72,000.

to decide between the claims.

The competing claimants could not reach a compromise, and the thirty-day deadline of September 28, 2007 came and went. One month later, MetLife had still not filed an interpleader action. On October 29, 2007, Respondents initiated an action in Rhode Island Superior Court (the "Rhode Island Action"), naming as defendants MetLife, the Estate of Paul Drainville, Sr., by and through its Executrix, Laura Drainville, and Laura Drainville, individually. *See Plaintiff's Amended Complaint, Exhibit G*. The next day, on October 30, 2007, Laura Drainville, filed a Complaint against MetLife in the United States District Court, Middle District of Florida, Orlando Division. *See Plaintiff's Amended Complaint, Exhibit H.* It was not until November 21, 2007, some five months after the death of Paul Drainville, Sr., and after two lawsuits had been filed, that MetLife finally filed an interpleader action.

MetLife now wants out, but not before seeking attorney's fees and costs incurred in no less than three separate actions, two of which were filed as a direct result of MetLife's inaction toward resolving the dispute over the competing claims. MetLife has yet to answer or otherwise respond to the Counterclaim in this instant action or to the Complaint filed in the Rhode Island Action.

The Complaint in the Rhode Island Action was served upon MetLife on November 1, 2007, making a response due on or before November 21, 2007. On November 19, 2007, Respondents agreed to execute a Stipulation extending the time within which MetLife could answer or otherwise respond to the Complaint to December 14, 2007. On December 13, 2007, Respondents agreed to execute a second Stipulation, giving MetLife until January 29, 2008 to answer or otherwise respond to the Complaint.

Despite Respondents' expressed willingness to execute yet a third Stipulation extending the time within which MetLife could have to answer or otherwise respond to the Complaint in the Rhode Island Action, MetLife opted instead to file an unnecessary motion in the Rhode Island Action to achieve the same result, thus driving up the fees and costs for all parties involved. MetLife added to its motion a petition to have the Rhode Island Action stayed, notwithstanding the fact that MetLife had a similar motion pending in this Court. MetLife's motions were denied in the Rhode Island Action, at which time Respondents again stipulated that MetLife may have addition time (until February 29, 2008) to answer or otherwise respond to the Complaint.

Respondents have never objected to the deposit into the Court Registry by MetLife of the sum of $174,000, plus interest accrued from June 15, 2007 (date of Decedent's death) through the date of deposit. This is not the first time that MetLife chose to do by motion that which could have been done by stipulation. Notably, MetLife makes no mention of the amount sought in attorney's fees and costs, nor does it offer documentation to support a claim in any amount.

**ARGUMENT**

**1. MetLife's Claim for Attorney's Fees and Costs**

Admittedly, the general rule is that in the absence of a statute making provision to the contrary, a party who is confronted with conflicting claims to a fund in his possession and who claims no interest therein, may in good faith interplead the several claimants, deposit the fund involved in the registry of the Court, and recover his reasonable costs and counsel fees out of such fund. Narragansett Bay Gardens, Inc. v. Grant Construction Co., Inc., 176 F.Supp. 451, 454 (D.R.I. 1959).

By waiting as long as it did to file its interpleader action, thus forcing the filing of two other lawsuits in Rhode Island and Florida, and by then filing unnecessary motions (which Respondents are forced to defend), MetLife forfeits its classification as a "disinterested" party. MetLife can not be considered disinterested because it is the subject of a Counterclaim in the instant action alleging breach of fiduciary duty. *See Answer to Amended Complaint, Counterclaim, Cross-Claim, and Third-Party Complaint of Paul M. Drainville, Jr., and Stephanie M. Drainville.* MetLife's claim to entitlement to attorney's fees and costs should therefore be denied or, at the very least, should be subject to discovery and challenge.

After MetLife sent its letter of August 29, 2007, MetLife should have timely filed its interpleader action without delay. Instead, the thirty-day deadline of September 28, 2007 came and went, and MetLife did nothing.

One month later, on October 29, 2007, Respondents initiated the Rhode Island Action. *See Plaintiff's Amended Complaint, Exhibit G*. The next day, on October 30, 2007, Laura Drainville filed a Complaint of her own against MetLife in the United States District Court, Middle District of Florida, Orlando Division. *See Plaintiff's Amended Complaint, Exhibit H.* It was not until November 21, 2007, some five months after the death of Paul Drainville, Sr., that MetLife finally filed this interpleader action. Now, nearly eight months after the date of death, MetLife has neither paid out nor deposited the death benefits.

MetLife has driven up the costs in all three actions. For example, MetLife refused to grant timely an extension of time within which to respond to the instant motion and to MetLife's companion motion pending before this Court. *See Motion by Plaintiff Metropolitan Life Insurance Company to Enjoin Prosecution of Collateral Proceedings for Recovery of*

*Interpleader Funds.* MetLife further generated unnecessary fees by causing improper service upon Laura Drainville in Florida and later having to serve her in a proper manner.

MetLife also drove up the cost of litigation in the Rhode Island Action by filing an unnecessary Motion to Enlarge Time to Answer and Stay Proceedings in the Rhode Island Action. The motion was unnecessary because Respondents had already agreed to extend – for a third time - the date by which MetLife has to answer or otherwise respond to their Complaint. Respondents recognized – and if MetLife did not, it should have recognized - that MetLife's motion for a stay in the Rhode Island Action was premature and prejudicial because Laura Drainville, a defendant in the Rhode Island Action, faces a potential default in that case, and because the claims in the Rhode Island Action extended beyond the life insurance proceeds which are the subject of the instant action. The Rhode Island Court denied MetLife's motion, but not before MetLife had driven up the costs.

To the extent that this Court is inclined to entertain MetLife's request for attorney's fees and (which would be tantamount to saddling the claimants with the responsibility of funding the entire litigation at fees for in excess of what they should have been), Respondents request the opportunity to conduct discovery for purposes of determining the amount sought and any support for same, as well as the opportunity to challenge the amount.

**2. <u>MetLife's Claims for Discharge from Liability and Excuse from Prosecution</u>**

Respondents object to MetLife's premature request for discharge from this action without further liability once the Plan benefit has been deposited into the Registry of the Court. Respondents also object to MetLife's premature motion that all parties be restrained and enjoined from instituting, maintaining or prosecuting any action or proceeding against MetLife, Verizon, or the Plan for the recovery for the Plan benefit pertaining to Decedent.

There is a Counterclaim pending against MetLife for breach of fiduciary duty, to which MetLife has yet to answer or otherwise respond. MetLife can not adopt the moniker of "disinterested stakeholder" in this action. MetLife sat on the competing clams for the Plan benefit, allowing the situation between the competing claimants to fester to the point where Respondents, and later Laura Drainville, were forced to take it upon themselves to seek redress from the courts.

**CONCLUSION**

For the foregoing reasons, Respondents join MetLife's motion to deposit into the Registry of Court the amount of $174,000, plus accrued interest from June 15, 2007 through the date of deposit. MetLife's motion for attorney's fees and costs should be denied or withdrawn or, at the very least, be subject to discovery and challenge if MetLife continues to press the motion. MetLife's motion that it, Verizon, and the Plan be discharged from any and all liability in connection with the Plan benefit which is the subject matter of this action and that MetLife be excused from further proceedings in this matter should be denied as premature.

/s/ Lynne M. Radiches__________
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr.*
*and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: January 31, 2008

## CERTIFICATE OF SERVICE

To:

Brooks R. Magratten, Esq.
Timothy M. Bliss, Esq.
*Attorneys for Metropolitan Life Insurance Company*
VETTER & WHITE
20 Washington Place
Providence, RI 02903

John D. Lynch, Jr., Esq.
LYNCH & FRIEL
*Attorneys for Laura Drainville*
600 Toll Gate Road
Warwick, RI 02886-2717

I hereby certify that I electronically filed the within on January 31, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Lynne M. Radiches

J:\Docs\41105\00000\01213155.DOC