**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>*v.*<br><br>PAUL M. DRAINVILLE, JR.,<br>STEPHANIE M. DRAINVILLE<br>and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML<br><br>**ORAL ARGUMENT REQUESTED (15 Minutes)** |
| PAUL M. DRAINVILLE, JR.<br>and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>*v.*<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR.<br>and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>*v.*<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**OBJECTION TO METROPOLITAN LIFE INSURANCE COMPANY'S MOTION TO ENJOIN PROSECUTION OF COLLATERAL PROCEEDINGS FOR RECOVERY OF INTERPLEADER FUNDS**

Respondents, Paul M. Drainville, Jr. and Stephanie M. Drainville (hereinafter collectively referred to as "Respondents"), hereby object to Metropolitan Life Insurance Company's Motion to Enjoin Prosecution of Collateral Proceedings for Recovery of Interpleader Funds.

In support hereof, Respondents rely in the accompanying Memorandum of Law (including exhibits). Pursuant to Local Rule 7(e), Respondents respectfully request the opportunity to supplement this filing with oral argument, for which Respondents estimate that fifteen minutes will be necessary.

/s/ Lynne M. Radiches
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: January 31, 2008

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Timothy M. Bliss, Esq.
*Attorneys for Metropolitan Life Insurance Company*
VETTER & WHITE
20 Washington Place
Providence, RI 02903

John D. Lynch, Jr., Esq.
*Attornes for Laura Drainville*
LYNCH & FREIL
600 Toll Gate Road
Warwick, RI 02886-2717

I hereby certify that I electronically filed the within on January 31, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Lynne M. Radiches

01212481.DOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>*v.*<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>*v.*<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>*v.*<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**MEMORANDUM IN SUPPORT OF**
**OBJECTION TO METROPOLITAN LIFE INSURANCE COMPANY'S**
**MOTION TO ENJOIN PROSECUTION OF COLLATERAL PROCEEDINGS**
**FOR RECOVERY OF INTERPLEADER FUNDS**

**INTRODUCTION**

Paul M. Drainville, Jr. and Stephanie M. Drainville, brother and sister, have made a claim

for, inter alia, insurance proceeds payable upon the death of their father, Paul M. Drainville, Sr., pursuant to a Rhode Island Family Court Property Settlement Agreement entered into by their father and mother. Laura Drainville, their step-mother, has also made a claim for the insurance proceeds.

Currently, MetLife retains the insurance proceeds. By failing to timely file an interpleader action, MetLife left the claimants with no reasonable alternative but to file their own lawsuits (one in Rhode Island state court, the other in a federal court in Florida) to force payment of the death benefits. MetLife waited more than five months after the date of death to file an interpleader action. Thus, despite written assurances that it would file an interpleader action, MetLife's dilatory actions in not doing so have now resulted in the filing of three lawsuits pending in two states.

MetLife now seeks an order "restraining defendants and those acting in concert with them, and any other persons joined in this or any other jurisdiction from instituting, maintaining or prosecuting any proceeding in any state or United States court against MetLife for recovery of the Plan benefit that is the subject of this action, or any part thereof." *See Motion by Plaintiff Metropolitan Life Insurance Company to Enjoin Prosecution of Collateral Proceedings for Recovery of Interpleader Funds*.

For all intents and purposes, MetLife's motion duplicates the companion motion filed with it, which seeks an order "that all other parties be permanently restrained and enjoined from instating, maintaining or prosecuting any action or proceeding against MetLife, Verizon, or the Plan for the recovery of the Plan benefit pertaining to Decedent." *See*, *Motion of Plaintiff Metropolitan Life Insurance Company for Leave to Deposit Funds in the Registry of the Court and for Other Relief*.

**FACTUAL BACKGROUND**

Paul M. Drainville and Stephanie M. Drainville (hereinafter collectively referred to as "Respondents") are the natural children of Paul M. Drainville. Sr. ("Mr. Drainville" or "Decedent") and Pamela D. Drainville ("Pamela"). Mr. Drainville and Pamela divorced in 1992, when Paul was 16 years old, and Stephanie was 2 years old. In connection with their divorce, Mr. Drainville and Pamela entered into a Property Settlement Agreement (the "Agreement") on November 22, 1991, which was filed and approved by the Providence Family Court, and which was incorporated but not merged into the Final Judgment of Divorce.

Pursuant to the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings. Pursuant to the Agreement, Mr. Drainville was to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses. In the event of a breach of the Agreement, the breaching party shall be liable for all costs and expenses reasonably necessary to enforce the terms of the Agreement, including reasonable attorneys' fees. The provisions of the Agreement are binding upon Mr. Drainville's respective heirs, executors, administrators and assigns.

Mr. Drainville was employed by Verizon Communications, Inc. ("Verizon"), and his life insurance policy was with Metropolitan Life Insurance Company ("MetLife"). At the time of his death on June 15, 2007, it appears that the amount of Mr. Drainville's life insurance benefit was $174,000 (the "Plan benefit").[1] Pursuant to the Agreement, upon Mr. Drainville's death, MetLife had a fiduciary duty to pay to Paul and Stephanie, in equal shares, the proceeds from

---

[1] Upon information and belief, Mr. Drainville's annual salary with Verizon ultimately reached $82,000, which would have required him to maintain a level of life insurance coverage of three times that amount, or $246,000. There is a shortfall on the level of coverage in Mr. Drainville's life insurance benefit of approximately $72,000.

Mr. Drainville's life insurance policy, but has not done so. Laura Drainville (the "Stepmother"), also has made claim to the life insurance proceeds.

On August 29, 2007, MetLife sent a letter to Laura Drainville, Paul Drainville, and Stephanie Drainville following MetLife's review of the claims made by each to the Plan benefit. *See Plaintiff's Amended Complaint, Exhibit F*. MetLife advised each to decide within thirty (30) days whether they could reach an amicable compromise, adding that, if they could not, or if they did not timely notify MetLife in writing that they could or could not reach an amicable compromise, that MetLife would, as required by law, file an interpleader action to permit a court to decide between the claims.

The competing claimants could not reach a compromise, and the thirty-day deadline expired. One month later, MetLife had still not filed an interpleader action. On October 29, 2007, Respondents initiated an action in Rhode Island Superior Court (the "Rhode Island Action"), naming as defendants MetLife, the Estate of Paul Drainville, Sr., by and through its Executrix, Laura Drainville, and Laura Drainville, individually. *See Plaintiff's Amended Complaint, Exhibit G*. The next day, on October 30, 2007, Laura Drainville, filed a Complaint against MetLife in the United States District Court, Middle District of Florida, Orlando Division. *See Plaintiff's Amended Complaint, Exhibit H.* It was not until November 21, 2007, more than five months after the death of Paul Drainville, Sr., and after two lawsuits had been filed, that MetLife finally filed an interpleader action.

MetLife now wants this Court to restrain Respondents from pursuing the Rhode Island Action, the Complaint for which has yet to be answered by any of the defendants, including

MetLife.[2] MetLife has also yet to answer or otherwise respond to the Counterclaim in the instant action.

The Complaint in the Rhode Island Action was served upon MetLife on November 1, 2007, making a response due on or before November 21, 2007. On November 19, 2007, Respondents agreed to execute a Stipulation extending the time within which MetLife could answer or otherwise respond to the Complaint to December 14, 2007. On December 13, 2007, Respondents agreed to execute a second Stipulation, giving MetLife until January 29, 2008 to answer or otherwise respond to the Complaint.

Despite Respondents expressed willingness to execute yet a third Stipulation extending the time within which MetLife could have to answer or otherwise respond to the Complaint in the Rhode Island Action, MetLife opted instead to file an unnecessary motion in the Rhode Island Action to achieve the same result, thus driving up the fees and costs for all parties involved. MetLife added to its motion a petition to have the Rhode Island Action stayed, notwithstanding the fact that MetLife had a similar motion pending in this Court. MetLife's motions were denied in the Rhode Island Action, at which time Respondents again stipulated that MetLife may have addition time (until February 29, 2008) to answer or otherwise respond to the Complaint.

**ARGUMENT**

After MetLife sent its letter of August 29, 2007, MetLife should have timely filed its interpleader action without delay. Instead, the thirty-day deadline of September 28, 2007 came and went, and MetLife did nothing.

---

[2] MetLife also now wants out of this case, but not before seeking attorney's fees and costs incurred in no less than three separate actions, two of which were filed as a direct result of MetLife's inaction toward resolving the dispute over the competing claims. <u>See</u> *Motion of Plaintiff Metropolitan Life Insurance Company for Leave to Deposit Funds in the Registry of the Court and for Other Relief.*

Now, nearly eight months after the date of death, MetLife has still neither paid out nor deposited the death benefits, and seeks to prevent Respondents from protecting their rights in the face of MetLife's inaction by extinguishing litigation for which responsive pleadings have yet to be filed and in a situation where jurisdiction has yet to be determined.

In effect, a stay is in place in the Rhode Island Action. Respondents recently agreed to extend – for a third time - the date by which MetLife has to answer or otherwise respond to their Complaint.[3] That did not stop MetLife from driving up the cost of litigation in this lawsuit and in the Rhode Island Action by filing an unnecessary Motion to Enlarge Time to Answer and Stay Proceedings (which was denied). Respondents had been willing to stipulate to the third enlargement of time to answer and, no discovery having been filed, a stay is effectively in place. However, Respondents could not – and if this was not obvious to MetLife it should have been – agree to a formal stay in the Rhode Island Action because it is premature and prejudicial. Laura Drainville, a defendant in the Rhode Island Action, faces a potential default in that case and, at the time, the claims in the Rhode Island Action extended beyond those of the instant action. Respondents have since filed an Answer, Counterclaim, Cross-Claim, and Third-Party Complaint in the instant action, yet responsive pleadings remain outstanding.

MetLife's motion to enjoin prosecution of collateral proceedings, which duplicates the relief sought in its companion motion for leave to deposit funds and for other relief, is unnecessary motion practice initiated by MetLife which does nothing to advance the merits and serves only to inflate fees. Once jurisdiction has been established and all responsive pleadings

---

[3] MetLife must now answer or otherwise respond to the Complaint in the Rhode Island Action on or before February 29, 2008.

have been filed, Respondents will be amendable to a voluntary stay of the Rhode Island Action (as previously indicated).

**CONCLUSION**

For the foregoing reasons, MetLife's premature motion to enjoin prosecution of collateral proceedings for recovery of interpleader funds should be denied.

/s/ Lynne M. Radiches___________
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

Dated: January 31, 2008

**CERTIFICATE OF SERVICE**

To:

Brooks R. Magratten, Esq.
Timothy M. Bliss, Esq.
*Attorneys for Metropolitan Life Insurance Company*
VETTER & WHITE
20 Washington Place
Providence, RI 02903

John D. Lynch, Jr., Esq.
LYNCH & FRIEL
*Attorneys for Laura Drainville*
600 Toll Gate Road
Warwick, RI 02886-2717

I hereby certify that I electronically filed the within on January 31, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Lynne M. Radiches

01212490.DOC