UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff | ) | C.A. No. 07-0427/ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE, Defendants | ) | |

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANTS' JURY DEMAND**

Plaintiff Metropolitan Life Insurance Company ("MetLife") moves to strike the demand of defendants Paul M. Drainville, Jr. and Stephanie M. Drainville for a trial by jury in their answer to the amended complaint for the reasons set forth in the memorandum filed herewith.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: February 7, 2008

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
Lynch & Friel
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within motion on February 7, 2008. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff | ) | C.A. No. 07-0427/ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE, Defendants | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND**

Plaintiff Metropolitan Life Insurance Company ("MetLife") moves to strike the demand of defendants Paul M. Drainville, Jr. and Stephanie M. Drainville ("Paul Jr. and Stephanie" or Defendants") in their answer for a trial by jury.

**Background**

This action, which arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), involves a dispute over a group life insurance benefit payable upon the death of Paul M. Drainville, Sr. ("Decedent") under the Verizon Group Life Insurance Plan (the "Plan"). A MetLife group insurance policy issued to the Plan sponsor Verizon funds the benefits under the Plan.

The Plan benefit is subject to competing claims by Decedent's widow, Laura Drainville ("Laura") as well as his two adult children, Paul M. Drainville, Jr. ("Paul Jr.") and Stephanie M. Drainville ("Stephanie"). See Amended Complaint, Exhibits D and E. Laura's claim is based on the deceased's designation of her as the sole primary beneficiary. She has sued MetLife in a Florida federal district court for the Plan benefit. Id., Exhibit H. Paul Jr. and

Stephanie base their claim on a provision of a divorce decree executed by Decedent and their mother that purportedly required Decedent to designate Paul Jr. and Stephanie as primary beneficiaries of the Plan benefit. Paul Jr. and Stephanie have sued MetLife in the Rhode Island Superior Court for the Plan benefit. Id., Exhibit G.

Because of these competing claims and having to defend itself in litigation in different forums involving the same Plan benefit, MetLife filed this action in interpleader. MetLife has further moved for leave to: deposit the Plan benefit into the Registry of this Court; recover its counsel fees; be thereafter excused from this action; be relieved of any further liability under the Plan or group policy related to the death of Paul Drainville, Sr.; and, finally, enjoin the defendants from further prosecuting collateral proceedings against MetLife over the same disputed Plan benefit.

In response to MetLife's amended complaint in interpleader, Defendants Paul, Jr. and Stephanie on January 25, 2008 filed an answer in which they "demand a trial by jury" on all counts so triable.

**Argument**

Defendants do not dispute that the Plan benefit relates to an employee welfare benefit plan (the Verizon Group Life Insurance Plan), as that term is defined by ERISA. See Amended Complaint, ¶14 and defendants' response thereto.

ERISA completely regulates the field of employee benefit plans. Nachman Corp. v. Pension Benefit Guar. Corp., 446 U.S. 359, 361-62 (1980). ERISA provides a civil cause of action for employee plan benefits at 29 U.S.C. § 1132(a)(1)(B), empowers plan participants and beneficiaries to bring civil lawsuits to collect benefits and provides at 29 U.S.C. §1144(a), (c) that ERISA supersedes "any and all State laws" relating to an employee benefit plan. These provisions establish ERISA as the exclusive avenue for relief for resolution of claims for plan

benefits. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987). See also Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39 (1990); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987).

A majority of circuit courts have concluded that a jury trial is not available for benefit claims under ERISA because proceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury. See, e.g., Recupero v. New England Tel & Tel. Co., 118 F.3d 820, 831-32 (1st Cir. 1997); McDougall v. Pioneer Ranch Ltd. P'ship, 494 F.3d 571, 576 (7th Cir. 2007) cert denied, No. 07-491, 2008 WL 59348 (U.S. Jan. 7, 2008); Eichorn v. AT&T Corp., 484 F.3d 644, 656 (3rd Cir.), cert. denied, 128 S. Ct. 709 (Dec. 3, 2007); Varghese v. Honeywell Int'l, Inc., 424 F.3d 411, 415 n.5 (4th Cir. 2005); Provident Life & Accident Ins. Co. v. Sharpless, 364 F.3d 634, 639 (5th Cir. 2004); Ingram v. Martin Marietta Long Term Disability Income Plan, 244 F.3d 1109, 1114 (9th Cir. 2001); Sullivan v. LTV Aerospace & Def. Co., 82 F.3d 1251, 1258 (2d. Cir. 1996); Blake v. Unionmutual Stock Life Ins. Co., 906 F.2d 1525, 1526 (11th Cir. 1990); Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir. 1988); In Re Vorpahl, 695 F.2d 318, 319 (8th Cir. 1982).

This Court and other district courts in the First Circuit have routinely held that jury trials are not available in ERISA cases: Canis v. Coca-Cola Enterprises, Inc., 49 F. Supp. 2d 73, 80 n.3 (D.R.I. 1999); Kelly v. Blue Cross & Blue Shield of Rhode Island, 814 F. Supp. 220, 222 (D.R.I. 1993); Reeder v. Sun Life Assur. Co. of Canada, Inc., 497 F. Supp. 2d 125, 128 (D. Mass. 2007); Gammell v. Prudential Ins. Co. of America, 502 F. Supp. 2d 167, 172 (D. Mass. 2007); Eusebio Cotto Villegas v. Federal Express Corp., 468 F. Supp. 2d 293, 314 n.10 (D.P.R. 2006); Collins v. Metropolitan Life Ins. Co., No. 06-76-PC, 2006 WL 1997337 *3 n. 2 (D. Me. 2006); Dudley Supermarket v. TransAmerica Life Ins. & Ann. Co., 188 F. Supp. 2d 23, 24 (D. Mass. 2002) aff'd, 302 F.3d 1 (1st Cir. 2002); Gentile v. John Hancock Mut. Life Ins. Co., 951 F.

Supp. 284 (D. Mass. 1997); Charlton Memorial Hosp. v. Foxboro Co., 818 F. Supp. 456, 459 (D. Mass. 1993).

Moreover, because the right of a disinterested stakeholder to avoid duplicative liability through the filing of an interpleader action is fundamentally equitable, there is no right to a jury trial on the question whether MetLife should be allowed to deposit the proceeds and be dismissed from this action. Hyde Properties v. McCoy, 507 F.2d 301, 305 (6th Cir. 1974); Luxton v. State Farm Life Ins. Co., 2001 WL 933394, *3 (D. Minn. 2001) (Jury trial inappropriate for the "first stage" of an interpleader proceeding – that is, to determine whether interpleader is appropriate and to discharge the stakeholder). Any right to a jury trial, if one exists, would attach only to the second stage of this proceeding in which the claimants will litigate their entitlement to the deposited proceeds.

**Conclusion**

For the reasons set forth above, MetLife respectfully requests that the Court strike Defendants Paul Jr. and Stephanie's demands for a jury trial in Defendants' answer.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiff Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: February 7, 2008

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
Lynch & Friel
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within memorandum on February 7, 2008. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten