UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff | ) | C.A. No. 07-0427/ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE, Defendants | ) | |

**PLAINTIFF'S RULE 12(b)(1) AND 12(b)(6) MOTION TO <u>DISMISS DEFENDANTS' COUNTERCLAIM</u>**

Plaintiff Metropolitan Life Insurance Company moves pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) to dismiss the counterclaim of defendants Paul M. Drainville, Jr. and Stephanie M. Drainville on grounds that:

1) ERISA preempts and bars the defendants' counterclaim;

2) 28 U.S.C. §1335 does not support jurisdiction over the counterclaim; and

3) Defendants' counterclaim fails to state a claim upon which relief may be granted.

Plaintiff files herewith a memorandum of law.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: February 7, 2008

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
Lynch & Friel
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within motion on February 7, 2008. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff | ) | C.A. No. 07-0427/ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE, Defendants | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

Plaintiff Metropolitan Life Insurance Company ("MetLife") moves pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) to dismiss the counterclaim of defendants Paul M. Drainville, Jr. and Stephanie M. Drainville on grounds that:

1) ERISA preempts and bars the defendants' counterclaim;

2) 28 U.S.C. §1335 does not support jurisdiction over the counterclaim; and

3) Defendants' counterclaim fails to state a claim upon which relief may be granted.

Background

This action involves a dispute over a group life insurance benefit payable upon the death of Paul M. Drainville, Sr. ("Decedent") under the Verizon Group Life Insurance Plan (the "Plan"). Because the Verizon Group Life Insurance Plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), this action is governed by ERISA.

A MetLife group insurance policy issued to Verizon funds benefits under the Plan. Basic Life coverage under the Plan provides a benefit of $10,000. Optional Life coverage, as selected by Decedent, provides a benefit of two times the annual rate of pay at the time of

retirement, for $164,000. Thus, the total Plan benefit amount, for both Basic and Optional Life coverage, is $174,000 (the "Plan benefit"). See Amended Complaint, Exhibit C.

The Plan benefit is subject to competing claims by Decedent's widow, Laura Drainville ("Laura"), as well as his two adult children, Paul M. Drainville, Jr. ("Paul Jr.") and Stephanie M. Drainville ("Stephanie"). See Amended Complaint, Exhibits D and E. Laura's claim is based on the deceased's designation of her as the sole primary beneficiary. She has sued MetLife in a Florida federal district court for the Plan benefit. Id., Exhibit H. Paul Jr. and Stephanie base their claim on a provision of a divorce decree executed by Decedent and their mother that purportedly required Decedent to designate Paul Jr. and Stephanie as primary beneficiaries of the Plan benefit. Paul Jr. and Stephanie have sued MetLife in the Rhode Island Superior Court for the Plan benefit. Id., Exhibit G.

Because of these competing claims and having to defend itself in litigation in different forums involving the same Plan benefit, MetLife filed this action in interpleader. MetLife has further moved for leave to: deposit the Plan benefit into the Registry of this Court; recover its counsel fees; be thereafter excused from this action; be relieved of any further liability under the Plan or group policy related to the death of Paul Drainville, Sr.; and, finally, enjoin the defendants from further prosecuting collateral proceedings against MetLife over the same disputed Plan benefit.

In response to MetLife's amended complaint in interpleader defendants Paul, Jr. and Stephanie on January 25, 2008 filed a single count counterclaim captioned "Breach of Fiduciary Duty." The jurisdictional basis for the counterclaim is alleged to be 28 U.S.C. §1335 (see counterclaim, ¶4). The relief sought is an award of the Plan benefit plus other unspecified compensatory relief.

## ARGUMENT

I. ERISA Preempts and Bars The Defendants' Counterclaim

Defendants Paul, Jr. and Stephanie assert what appears to be a common law claim against MetLife for a breach of fiduciary duty. The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), preempts and bars defendants' common law claim.

There is no dispute that the benefit at issue arises from an employee welfare benefit plan – the Verizon Group Life Insurance Plan. See Amended Complaint, ¶14 and defendants' response thereto. The federal law of ERISA completely regulates the field of employee benefit plans. Nachman Corp. v. Pension Benefit Guar. Corp., 446 U.S. 359 (1980). ERISA provides a federal cause of action for employee benefits at 29 U.S.C. § 1132(a)(1)(B) and expressly preempts state laws relating to employee benefit plans at 29 U.S.C. § 1144. These provisions establish an ERISA benefits action under 29 US.C. § 1132(a)(1)(B) as the exclusive remedy for claims for ERISA Plan benefits. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). See also Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

Defendant's common law breach of fiduciary duty claim is preempted. See Nash v. Trustees of Boston Univ., 946 F.2d 960, 964 n. 8 (1st Cir. 1991)(citing Pilot Life (ERISA preempts state law claims for breach of fiduciary duties arising from alleged improper processing of a claim under a plan); Cromwell v. Equicor-Equitable HCA Corp, 944 F.2d 1272 (6th Cir. 1991)(ERISA preempts breach of good faith claim); Davidian v. Southern California Meet Cutters Union & Food Employees Benefit Fund, 859 F.2d 134 (9th Cir. 1988)(ERISA preempts breach of fiduciary duty claim).

If defendants intend to pursue a breach of fiduciary duty claim under 29 U.S.C. §1132, that claim is also barred as a matter of law. An ERISA breach of fiduciary duty claim may only be brought (1) on behalf of the plan or (2) when equitable relief is sought. Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 109 (1st Cir. 2002). Where adequate relief is available in the form of a claim for Plan benefits, there is no claim for breach of fiduciary duty. Id.

Moreover, to the extent Paul, Jr. and Stephanie seek damages beyond an award of the Plan benefit at issue, ERISA precludes such relief. See, e.g., Hotz v. Blue Cross and Blue Shield of Mass., Inc., 292 F.3d 57, 60 (1st Cir. 2002)(29 U.S.C. §1144 "broadly preempts any state claim that 'relates to' an employee benefit plan, and it has been applied widely to bar state claims seeking damages for alleged breach of obligations pertaining to an ERISA plan.")(citing Pilot Life, 481 U.S. at 47-49). A common law breach of fiduciary duty claim is not an appropriate cause of action for claimants like defendants who, at bottom, seek Plan benefits. Varity Corp. v. Howe, 516 U.S. 489 (1996); Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1034 (9th Cir. 2000)(counterclaim to ERISA interpleader complaint preempted and dismissed).

II. 28 U.S.C. §1335 Does Not Support Jurisdiction Over The Counterclaim

Defendants Paul M. Drainville, Jr. and Stephanie M. Drainville claim 28 U.S.C. §1335 as the basis for this Court's jurisdiction over the counterclaim. (See Counterclaim, ¶4). Nothing in Section 1335 authorizes the counterclaim or provides this Court with jurisdiction over the counterclaim.

Section 1335 provides, in material part:

> The district courts shall have original jurisdiction of any civil action of interpleader...filed by any...corporation...having issued a .....policy of insurance...of $500 or more...if (1) two or more adverse claimants, of diverse citizenship...are claiming....to be entitled to...any one or more of the benefits arising by virtue of any...policy...; and if (2) the plaintiff has deposited such

> money...into the registry of the court, there to abide the judgment of the court....

A person filing an interpleader action under Section 1335 must: (a) be a corporation; (b) have issued a policy of insurance of $500 or more; (c) be faced with competing claims to the insurance proceeds; and (d) must seek to deposit the proceeds into the registry of the Court. Neither Paul, Jr. or Stephanie is a corporation. Neither Paul, Jr. nor Stephanie has issued a policy of insurance. Neither Paul, Jr. nor Stephanie holds proceeds subject to competing claims. Neither Paul, Jr. nor Stephanie ask this court to allow them to deposit proceeds into the registry of the Court. Paul Jr. and Stephanie meet none of the requirements for filing a Section 1335 action and may not rely upon Section 1335 as the jurisdictional basis for their counterclaim.

Reduced to its essence, the defendants' claim is one for benefits under an ERISA-regulated plan and arises under 29 U.S.C. §1132(a)(1)(B). "It is axiomatic that federal courts are courts of limited jurisdiction in which litigation is restricted to enumerated parties and causes. Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1035 (1st Cir. 1988). Further, as set forth in Section III, infra, the Plaintiff's counterclaim, far from seeking to advance the goals of a Section 1335 interpleader, actually seeks to deny MetLife the benefits Congress intended in enacting Section 1335.

The Defendants' sole avenue for relief lies in the form of a claim addressed to the Plan benefit MetLife seeks to deposit in the Registry of this Court. To the extent defendants seek anything more, their claims are preempted (see Section I, supra.) and unsupported by 28 U.S.C. §1335. The defendants' counterclaim is improper and should now be dismissed.

## III. Defendants' Counterclaim Fails To State A Claim Upon Which Relief Can Be Granted

Defendant's counterclaim seeks the very benefits which MetLife seeks to deposit into Court in MetLife's interpleader complaint. See Counterclaim ¶ 19 ("MetLife has a fiduciary

duty to pay . . . the proceeds from Mr. Drainville's life insurance policy"), ¶ 20 ("MetLife has not paid Paul and Stephanie any proceeds from Mr. Drainville's life insurance policy"), and Wherefore Clause, ¶ A (demanding deposit of proceeds into court). The counterclaim adds nothing to the action, as the Court will already have to determine who is entitled to the Plan benefits to distribute the Plan benefits that MetLife seeks to deposit into Court.

Such duplicative and unnecessary counterclaims against an interpleader plaintiff must be dismissed, because they would otherwise defeat the purpose of the interpleader statutes. Prudential v. Hovis, 2007 WL 3125084, *3-4 (M.D. Pa. Oct. 23, 2007); Commerce Funding Corp. v. Southern Fin. Bank, 80 F. Supp. 2d 582, 585 (E.D. Va. 1999); United States Trust Co. of New York v. Alpert, 10 F. Supp. 2d 290, 307 (S.D.N.Y. 1998), aff'd, 168 F.3d 630 (2nd Cir. 1998); MetLife v. Barretto, 178 F. Supp. 2d 745, 748 (S.D. Tex. 2001).

To the extent defendants' claim consequential damages, such a claim is ERISA-preempted. See Section I, supra.

Defendants claim that MetLife unreasonably delayed for five months after the death of the decedent before seeking to deposit the proceeds. What Paul and Stephanie do not tell the court is that during that time MetLife actively sought to resolve the action by advising the claimants of the competing claims to the Plan benefits and inviting the claimants to, if possible, resolve the dispute between themselves. While those attempts did not succeed, public policy favors such attempts to resolve disputes before making demands upon scarce judicial resources by filing an interpleader action.

Had MetLife's good-faith attempts to facilitate a settlement succeeded, all parties, including Defendants, would have benefited from reduced costs and fees. Further, courts have found that five months between the death of the decedent and an insurance company's filing of an interpleader complaint is reasonable. See Equitable Life Assurance Soc'y of the United

States v. Kit, 22 F. Supp. 1022, 1023 (E.D. Pa. 1938) (holding that a five-month delay between the insured's death and the filing of an interpleader action with respect to life insurance proceeds was not unreasonable and, therefore, plaintiff insurer was entitled to award of costs and reasonable attorneys' fees). Most ironic, it is the Defendants themselves who are delaying the resolution of this action and imposing unnecessary costs and fees, by filing a useless and duplicative counterclaim seeking the payment of benefits that MetLife is already seeking to deposit into the Court's Registry.

Paul Jr. and Stephanie, Rhode Island residents, filed their action in Rhode Island state court in an attempt to resolve their additional claims against Laura Sullivan, the other claimant and a Florida resident, in a favorable forum. They were not "forced" to file the action because of any refusal by MetLife to initiate an interpleader action.

**Conclusion**

For the above reasons, MetLife respectfully requests that the Court dismiss the counterclaim of Paul M. Drainville and Stephanie M. Drainville with prejudice, award MetLife its costs and fees incurred in opposing the Counterclaim, and award MetLife all other and further relief to which it is entitled.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: February 7, 2008

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
Lynch & Friel
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within memorandum on February 7, 2008. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above listed counsel of record has been effectuated by electronic means.

/s/ Brooks R. Magratten