UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff | ) | C.A. No. 07-427/ML |
| v. | ) | |
| PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE, Defendants | ) | |

**PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY'S REPLY TO OBJECTION (PARTIAL) OF DEFENDANTS PAUL, JR. AND STEPHANIE DRAINVILLE TO MOTION TO DEPOSIT FUNDS IN COURT REGISTRY AND OTHER RELIEF**

I. INTRODUCTION

Plaintiff Metropolitan Life Insurance Company ("MetLife") hereby responds to the partial objection ("Objection") of Paul, Jr. and Stephanie Drainville ("Paul, Jr. and Stephanie") to MetLife's Motion for Leave to Deposit Funds in the Registry of the Court and for Other Relief (the "Motion"). In addition to the arguments set forth herein, as well as in its original memorandum in support of the Motion, MetLife incorporates by reference the arguments made in its Reply to the objection of Paul, Jr. and Stephanie to MetLife's Motion to Enjoin Collateral Proceedings for Recovery of Interpleader Funds.

II. ARGUMENT

A. MetLife Did Not "Force" Defendants to File Competing Lawsuits Seeking the Disputed Plan Benefits.

Paul, Jr. and Stephanie claim that MetLife unreasonably delayed the filing of this interpleader action, which they contend "forc[ed] the filing of two other lawsuits in Rhode Island

and Florida . . . ." Far from forcing the parties to file competing lawsuits, however, MetLife actually encouraged the parties to resolve this dispute among themselves during the short period between the decedent's death and the filing of this action. MetLife advised the parties that if they were unable to reach a settlement, it would file the interpleader and incur the costs associated therewith. Notwithstanding their knowledge that MetLife's filing of an interpleader action was imminent, however, Paul, Jr. and Stephanie and Laura filed lawsuits seeking the disputed Plan benefits in Rhode Island Superior Court and in Florida federal District Court, respectively. Clearly, the parties chose to file their competing lawsuits not because MetLife had "forced" them to do so, but rather to obtain a more favorable forum (in their views) in which to litigate their claims.

B. Paul, Jr. and Stephanie Withdrew Their Previously Expressed Consent to an Enlargement of Time for MetLife to Answer the Rhode Island State Case.

Paul, Jr. and Stephanie also claim that MetLife unnecessarily "drove up the cost of litigation" by filing a Motion to Enlarge Time to Answer and Stay Proceedings in the Rhode Island state court action after Paul, Jr. and Stephanie had already agreed to extend the time for MetLife to answer their complaint in that case. Although such an offer was originally made to MetLife, however, Paul, Jr. and Stephanie *withdrew* the proffered extension when MetLife attempted to accept it. As such, MetLife was required to file a motion seeking the stay and/or extension of time to answer from the Rhode Island Superior Court.

## III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in MetLife's original memorandum in support of the Motion and in its Reply to the Objection (Partial) of Defendants Paul, Jr. and Stephanie Drainville to MetLife's Motion to Enjoin Collateral Proceedings for Recovery of Interpleader Funds, MetLife respectfully requests that the Court grant its Motion.

/s/ Brooks R. Magratten
Brooks R. Magratten, No. 3585
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Plaintiff Metropolitan Life Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: February 8, 2008

CERTFICATE OF SERVICE

To:

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Hans Kennon, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, FL 32802-4979

I hereby certify that I electronically filed the within reply on February 8, 2008. The reply is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-listed counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Brooks R. Magratten