**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>*v.*<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>*v.*<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>*v.*<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**OBJECTION TO LAURA DRAINVILLE'S MOTION TO DISMISS CROSS-CLAIM PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

Cross-Claim Plaintiffs, Paul M. Drainville, Jr. and Stephanie M. Drainville ("Paul and Stephanie"), hereby object to Cross-Claim Defendant's motion to dismiss the ***initial*** Cross-Claim.

In support hereof, Paul and Stephanie rely upon the accompanying Memorandum of Law and their proposed First Amended Cross-Claim (Court's document No. 42).

PAUL M. DRAINVILLE, JR. and
STEPHANIE M. DRAINVILLE

By their Attorneys,

/s/ Lynne M. Radiches
Paul M. Sanford, #2997
Lynne M. Radiches, #5777
BURNS & LEVINSON LLP
One Citizens Plaza, Suite1100
Providence, RI 02903
Tel: 401-831-8330
Fax: 401-831-8359

**CERTIFICATE OF SERVICE**

Hans Kennon, Esq.
Morgan & Morgan
20 N. Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
Lynch, Bernard & Lynch
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within on June 3, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Lynne M. Radiches

J:\Docs\41105\00000\01244360.DOC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>v.<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>v.<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>v.<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**MEMORANDUM IN SUPPORT OF OBJECTION TO LAURA DRAINVILLE'S MOTION TO DISMISS CROSS-CLAIM PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)**

**Overview**

Cross-Claim Defendant, Laura Drainville, has moved pursuant to Fed. R. Civ. P. 12 for dismissal of the ***initial*** Cross-Claim asserted against her on two bases: (i) alleged lack of jurisdiction; and (ii) alleged failure to state a claim upon which relief can be granted. The

Motion to Dismiss misconstrues the applicable law on jurisdiction and the allegations of the Cross-Claim, thus the motion should be denied on the merits. The motion is also ***moot*** in light of the filing of a proposed First Amended Cross-Claim (Court's document No. 42).

**Argument**

**I. This Court has jurisdiction over the Cross-Claim.**

**A. The Cross-Claim arises out of the same transaction or occurrence that is the subject matter of this action.**

Pursuant to Fed. R. Civ. P. 13(g), a pleading may state as a cross-claim "any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim…". In the instant case, the initial and amended Cross-Claims against Laura arise out of the same transaction or occurrence that is the subject matter of the underlying interpleader action, that is, the enforcement of a Family Court Property Settlement Agreement (the "Agreement") and entitlement to life insurance proceeds.

Under section 3.4 of the Agreement, until Stephanie's twenty-second birthday (07-08-11), Mr. Drainville was to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings. Under section 3.5 of the Agreement, Mr. Drainville was to contribute to each child's reasonable and necessary costs of college tuition and expenses, to the extent of his ability to pay. This Court is being asked to determine not only who is entitled to receive the life insurance proceeds on deposit with the Registry of the Court based upon the Agreement and ERISA, but also to determine the legal obligation to pay college expenses expressly referenced in the same Agreement.

The moving party, Laura Drainville, cites extensively – without any analysis whatsoever - from the First Circuit decision of Iglesias v. Mutual Life Ins. Co. of New York, 156 F.3d 237

(1st Cir. 1998) in support of her claim that this Court does not have jurisdiction to adjudicate the Cross-Claim. Despite Laura Drainville's claims to the contrary, the instant case is not the Iglesias case.

The Iglesias Court ruled that the aggregate of operative facts giving rise to the plaintiff's claims was entirely different from the facts supporting the defendant's counterclaim. See Iglesias at p. 242. The competing claims in Iglesias rested on "different sets of supporting facts" and bore "no logical relation" to one another. Id. Conversely, the underlying interpleader action and Cross-Claim in the instant action arise out of the same set of background facts. See *Answer to Amended Complaint, Counterclaim, Cross-Claim, and Third-Party Complaint of Paul M. Drainville, Jr., and Stephanie M. Drainville, pp. 8-9 (Paras. 6-12) and pp. 12-13 (Paras. 7-13).* See also First Amended Cross-Claim, passim.

Because the Cross-Claim against Laura Drainville arises out of the same Agreement and entitlement to life insurance proceeds that are the subject matter of this action, Laura Drainville's motion to dismiss the Cross-Claim for lack of jurisdiction should be denied.

**B. This Court has original jurisdiction and supplemental jurisdiction over the Cross-Claim based upon diversity of citizenship and the amount in controversy.**

This Court also has original jurisdiction over the Cross-Claim in this matter pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Diversity of citizenship exists as between Cross-Claim Plaintiffs (citizens of Rhode Island) and Cross-Claim Defendant (citizen of Florida), and the amount in controversy exceeds $75,000. Each of these elements is plead in the initial Cross-Claim and the First Amended Cross-Claim. See *Answer to Amended Complaint, Counterclaim, Cross-Claim, and Third-Party Complaint of Paul M.*

*Drainville, Jr., and Stephanie M. Drainville, p. 12, Para. 5.* See also First Amended Cross-Claim, passim.

The jurisdictional prerequisites of diversity of citizenship and amount in controversy in excess of $75,000 were not present, however, in the Iglesias decision on which Laura Drainville now relies. Rather, in Iglesias, the non-moving party had wholly failed to plead the requisite amount in controversy. The non-moving party in Iglesias had also failed to allege that its claims exceeded any specified sum and the amount was not readily ascertainable from the record. See Iglesisas at p. 242.

This Court has not only original jurisdiction, but supplemental jurisdiction over the Cross-Claim pursuant to 28 U.S.C. § 1367 because the parties are citizens of different states, the claim involves more than $75,000, and the claims in the Cross-Claim and Amended Cross-Claim are so related to the claims in the underlying interpleader action that they form part of the same case or controversy.

**II. Cross-Claim Plaintiffs have stated a claim upon which relief can be granted.**

Laura Drainville argues that a conversion could not legally have occurred as alleged in the initial Cross-Claim because Laura Drainville had not taken wrongful possession of the plan benefits then being held by MetLife. However, the Cross-Claim for conversion is not predicated solely upon wrongful possession of the plan benefits, but upon Laura Drainville's having, in effect, also taken money which should have been earmarked for contribution to Stephanie's reasonable and necessary costs of college tuition and expenses. Moreover, claims for unjust enrichment, tortious interference and declaratory judgment are also asserted in the Amended Cross-Claim.

Laura Drainville is the heir or assignee of Mr. Drainville's assets, which were jointly owned at the time of his death. Stephanie is not aware of any formal estate having been opened for Mr. Drainville in the State of Florida.

Laura Drainville's motion to dismiss for failure to state a claim upon which relief can be granted should be denied on the merits and/or denied as moot.

PAUL M. DRAINVILLE, JR. and
STEPHANIE M. DRAINVILLE

By their Attorneys,

/s/ Lynne M. Radiches
Paul M. Sanford, #2997
Lynne M. Radiches, #5777
BURNS & LEVINSON LLP
One Citizens Plaza, Suite1100
Providence, RI 02903
Tel: 401-831-8330
Fax: 401-831-8359

**CERTIFICATE OF SERVICE**

Hans Kennon, Esq.
Morgan & Morgan
20 N. Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
Lynch, Bernard & Lynch
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within on June 3, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Lynne M. Radiches

J:\Docs\41105\00000\01244353.DOC