**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>*v.*<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>*v.*<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>*v.*<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**FIRST AMENDED CROSS-CLAIM**
**OF PAUL M. DRAINVILLE, JR. AND STEPHANIE M. DRAINVILLE**

Overview

This Cross-Claim is brought by Paul M. Drainville, Jr. and Stephanie M. Drainville ("Cross-Claim Plaintiffs"), brother and sister, to enforce a Rhode Island Family Court Property Settlement Agreement entered into by their parents, Paul M. Drainville, Sr. (now deceased) and

Pamela D. Drainville. The Property Settlement Agreement provided certain financial benefits to Cross-Claim Plaintiffs, including but not limited to life insurance proceeds and reasonable and necessary costs of college tuition and expenses. As a result of Cross-Claim Defendant's improper actions, however, Paul and Stephanie have not yet realized any of the financial benefits which they are entitled to receive pursuant to the Property Settlement Agreement.

The Parties

1. Cross-Claim Plaintiff, Paul M. Drainville, Jr. ("Paul"), is a citizen of Providence, Rhode Island.

2. Cross-Claim Plaintiff, Stephanie M. Drainville ("Stephanie"), is a citizen of Providence, Rhode Island.

3. Cross-Claim Defendant, Laura Drainville, is a citizen of Winter Springs, Florida, and the widow of Mr. Drainville. Laura Drainville is the step-mother of Paul and Stephanie.

Jurisdiction/Venue

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a dispute between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1335 as a dispute between adverse claimants of diverse citizenship who claim or may be entitled to a plan benefit of more than $500. The amount in controversy is met because the life insurance benefits at issue total $174,000. The minimal diversity requirement of 28 U.S.C. § 1335 is met because two of the competing claimants are citizens of Rhode Island and the other is a citizen of Florida.

6. This Court also has supplemental jurisdiction (pendent and ancillary) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred or a substantial part of the property that is the subject of the action is situated in Rhode Island.

Background

8. Pamela Drainville ("Pamela") is the mother of Paul and Stephanie.

9. Paul Drainville and Pamela divorced in 1991, when son Paul was sixteen years old and daughter Stephanie was two years old.

10. In connection with their divorce, Paul Drainville and Pamela entered into a Property Settlement Agreement (the "Agreement"), dated November 22, 1991, which was filed with and approved by the Rhode Island Family Court, and which was incorporated but not merged into the Final Judgment of Divorce.

11. The Agreement expresses an intent to benefit financially both Paul and Stephanie.

12. Paul and Stephanie are intended third-party beneficiaries of the Agreement.

13. As intended third-party beneficiaries of the Agreement, Paul and Stephanie are entitled to maintain an action for breach of, and interference with, the Agreement.

**COUNT I**
**(Unjust Enrichment/Constructive Trust)**

14. Cross-Claim Plaintiffs repeat and incorporate herein by reference the allegations contained in Paragraphs 1 through 13 hereof, inclusive, as if set forth in full herein.

15. Pursuant to paragraph 3.4 of the Agreement, Paul Drainville had a duty to maintain the children [Paul and Stephanie] as primary beneficiaries (in equal shares) of his life insurance.

16. Pursuant to paragraph 3.4 of the Agreement, Paul Drainville was obligated to maintain a face amount of insurance coverage equal to three times his annual earnings.

17. Pursuant to paragraph 3.4 of the Agreement, Paul Drainville was obligated to maintain life insurance coverage in effect until the youngest child's 22nd birthday.

18. Stephanie Drainville, the youngest child, will not turn 22 years of age until 2011.

19. Pursuant to paragraph 3.4 of the Agreement, Paul Drainville shall name his brother as trustee of the life insurance proceeds.

20. Pursuant to paragraph 3.5 of the Agreement, Paul Drainville shall contribute to each child's reasonable and necessary costs of college tuition and expenses.

21. Stephanie Drainville is presently, and has been since 2007, enrolled as a full-time student at Northeastern University in Boston, Massachusetts.

22. The Agreement was breached by the failure to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses incurred to date and to be incurred in the future.

23. The Agreement was breached by the failure to create and maintain a trust, naming Paul Drainville's brother as trustee of the life insurance proceeds.

24. The Agreement was breached by the failure to maintain Paul and Stephanie as primary beneficiaries, in equal shares, of life insurance at a level of coverage equal to three times Paul Drainville's annual earnings.

25. In the event of a breach of the Agreement, the breaching party shall be liable for all costs and expenses reasonably necessary to enforce of the terms of the Agreement, including reasonable attorneys' fees.

26. Pursuant to paragraph 7.9 of the Agreement, all of the provisions of the Agreement shall be binding upon the respective heirs, executors, administrators and assigns of Paul Drainville.

27. As a direct and proximate result of the foregoing breaches of the Agreement, Paul and Stephanie have sustained damages.

28. Upon information and belief, at the time of his death, Paul Drainville's real and personal assets were owned jointly with his wife, Laura Drainville.

29. Laura Drainville was an assignee of, inherited, or exercised dominion and control over, Paul Drainville's real and personal assets following his death.

30. Laura Drainville did not initiate formal probate court proceedings nor did she open an estate in Florida for Paul Drainville.

31. Upon information and belief, all of Paul Drainville's real and personal assets were assigned to or inherited by Laura Drainville outside of probate upon his death.

32. A benefit has been conferred upon Laura Drainville by, inter alia, her receipt of Paul Drainville's real and personal assets, some of which should have been made available to satisfy financial obligations under the Agreement.

33. Paul Drainville's real and personal assets should have been used and/or made available to satisfy liabilities owed to Paul and Stephanie under the Agreement.

34. Laura Drainville appreciated the benefit of receiving Paul Drainville's real and personal assets.

35. Laura Drainville has accepted the benefit of receiving Paul Drainville's real and personal assets.

36. It would be inequitable and unjust for Laura Drainville to retain such benefits while simultaneously seeking to avoid corresponding liabilities under the Agreement.

37. Laura Drainville has been unjustly enriched.

38. A confidential relationship existed as between Laura Drainville, Paul Drainville and Stephanie Drainville with respect to Paul Drainville's assets and the Agreement.

39. Laura Drainville has breached that confidential relationship.

40. A constructive trust should be imposed on the life insurance proceeds on deposit with the Registry of this Court (through an account maintained with Bank of America) as an equitable prevention of unjust enrichment at the expense of Paul and Stephanie.

41. A constructive trust should be imposed on Paul Drainville's previously owned real and personal property as an equitable prevention of unjust enrichment by Laura Drainville at the expense of Paul and Stephanie.

WHEREFORE, Paul and Stephanie demand compensatory, incidental and consequential damages and attorney's fees, imposition of a constructive trust on or issuance of a pre-judgment writ of attachment against the life insurance proceeds on deposit with the Registry of the Court and other assets, and such other and further relief as this Court deems just and proper under the circumstances.

**COUNT II**
**(Tortious Interference)**

42. Cross-Claim Plaintiffs repeat and incorporate herein by reference the allegations contained in paragraphs 1 through 41 hereof, inclusive, as if set forth in full herein.

43. The Agreement constitutes a contract.

44. For nearly a ten-year time period subsequent to the date of entry of the Agreement, Paul Drainville did fulfill his obligations to maintain Paul and Stephanie as the primary beneficiaries of his life insurance policies obtained through his employer.

45. The life insurance proceeds on deposit with the Registry of this Court originated from two policies, each obtained from MetLife through Paul Drainville's employer.

46. The primary beneficiary on Paul Drainville's life insurance policies obtained through his employer was changed to Laura Drainville on or about May 7, 2001.

47. Prior to the death of Paul Drainville, Laura Drainville was aware of the existence of the Agreement.

48. Paul Drainville and Laura Drainville did not consult with an attorney at the time that paperwork was completed in 2001 to designate Laura Drainville as the primary beneficiary of Paul Drainville's life insurance policies obtained through his employer.

49. Laura Drainville was first designated as the primary beneficiary of Paul Drainville's life insurance policies at or about the time period that the couple was moving from Massachusetts to Florida in May of 2001.

50. The beneficiary designation form executed in 2001 identified Paul and Stephanie only as alternate, not primary, beneficiaries of the life insurance policies.

51. Laura Drainville knowingly, intentionally and improperly interfered with the rights that Paul and Stephanie enjoy pursuant to the Agreement, including but not limited to their status as primary beneficiaries of Paul Drainville's life insurance.

52. Laura Drainville knowingly, intentionally and improperly interfered with the rights that Paul and Stephanie enjoy pursuant to the Agreement, including but not limited to the payment of reasonable and necessary costs of college tuition and expenses.

53. As a direct and proximate result of Laura Drainville's actions, which tortiously interfered with the rights of Paul and Stephanie under the Agreement, Paul and Stephanie have sustained damages.

WHEREFORE, Paul and Stephanie demand compensatory, incidental and consequential damages and attorney's fees, issuance of a pre-judgment writ of attachment against the life insurance proceeds on deposit with the Registry of the Court, and such other and further relief as this Court deems just and proper under the circumstances

## COUNT III
## (Conversion – Life Insurance Proceeds and Assets)

54. Cross-Claim Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 53, inclusive, as if fully set forth herein.

55. Pursuant to the Agreement, Paul and Stephanie were entitled to the immediate possession and benefit of the life insurance proceeds at the time Laura Drainville made her claim to the proceeds.

56. By making a claim to the life insurance proceeds, thereby depriving Paul and Stephanie of the immediate possession and benefit of the life insurance proceeds, Laura Drainville has deprived Paul and Stephanie of their right to receive the life insurance proceeds. Laura Drainville did so without the consent of Paul and Stephanie.

57. Laura Drainville has intentionally and effectively exercised dominion and control – by blocking the rights of Paul and Stephanie and depriving them of their right to the immediate possession and benefit of the life insurance proceeds – inconsistent with the rights of Paul and Stephanie.

58. Laura Drainville's intentional exercise of control has so seriously interfered with the rights of Paul and Stephanie that Laura Drainville should justly be required to pay Paul and Stephanie the full value of the life insurance proceeds and the attorneys' fees Paul and Stephanie have incurred to enforce their rights pursuant to the Agreement.

59. Pursuant to the Agreement, Paul Drainville had a duty to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses.

60. Stephanie is, and has been since 2007, enrolled as a full-time student at Northeastern University in Boston, Massachusetts.

61. Stephanie's reasonable and necessary costs of college tuition and expenses are estimated to be $225,000.

62. Neither Paul Drainville during his lifetime nor his widow has contributed to Stephanie's reasonable and necessary costs of college tuition and expenses.

63. The provision in the Agreement requiring Paul Drainville to contribute to Stephanie's reasonable and necessary costs of college tuition and expenses is binding upon his heirs, executors, administrators and assigns.

64. Laura Drainville is an heir, executor, administrator and/or assign within the meaning of the Agreement.

65. Upon information and belief, Laura Drainville has already exercised dominion and control over jointly owned real and personal property, some of which should have been earmarked for contribution to Stephanie's reasonable and necessary costs of college tuition and expenses.

66. Laura Drainville has exercised dominion and control over jointly owned real and personal property without Stephanie's consent.

67. Laura Drainville is exercising dominion and control over said assets, as well as asserting an improper claim to the life insurance proceeds, that is inconsistent with Stephanie's right and Paul's right to immediate possession and benefit, thus causing Stephanie and Paul to suffer damages.

WHEREFORE, Paul and Stephanie demand compensatory, incidental and consequential damages and attorney's fees, issuance of a pre-judgment writ of attachment against the life insurance proceeds on deposit with the Registry of the Court, and such other and further relief as this Court deems just and proper under the circumstances.

**COUNT IV**
**(Declaratory Judgment)**

68. Cross-Claim Plaintiffs repeat and incorporate herein by reference the allegations contained in Paragraphs 1 through 13 hereof, inclusive, as if set forth in full herein.

69. The Agreement substantially complies with the requirements to constitute a Qualified Domestic Relations Order ("QDRO") within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. ("ERISA"), and the Retirement Equity Act, 29 U.S.C. § 1144.

70. The life insurance plan involved in this lawsuit is an employee "welfare benefit plan" within the meaning of ERISA.

71. The two life insurance policies at issue in this lawsuit were obtained through an employee welfare benefit plan provided to Paul Drainville by his employer.

72. At the time of his death, Paul Drainville did not have in effect a face amount of life insurance coverage equal to three times his annual earnings, naming Paul and Stephanie as primary beneficiaries.

73. There exists an actual controversy with Laura Drainville who claims the Agreement does not substantially comply with ERISA's requirements to constitute a QDRO, thus requiring this Court to declare the rights and legal remedies of the interested parties.

74. Cross-Claim Plaintiffs seek a declaratory ruling, pursuant to 28 U.S.C. §2201, that the Agreement substantially complies with ERISA's requirements to constitute a QDRO.

75. Cross-Claim Plaintiffs seek a declaratory ruling, pursuant to 28 U.S.C. §2201, that they are entitled to receive the life insurance proceeds on deposit with the Registry of the Court.

76. Cross-Claim Plaintiffs seek a declaratory ruling, pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 1132, for an award of reasonable attorneys' fees and costs of this action as an exercise of this Court's discretion.

WHEREFORE, Cross-Claim Plaintiffs pray that this Court declare that the Agreement substantially complies with the requirements to constitute a QDRO, that Cross-Claim Plaintiffs are entitled to receive the life insurance proceeds on deposit with the Registry of the Court, and that attorneys' fees be awarded to Paul and Stephanie.

**Cross-Claim Plaintiffs demand a jury trial on all counts so triable.**

/s/
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

**CERTIFICATE OF SERVICE**

To:

Hans Kennon, Esq.
Morgan & Morgan
20 N. Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
LYNCH, BERNARD & LYNCH
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within on June 30, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/
Paul M. Sanford

J:\Docs\41105\00000\01249953.DOC