157497

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff,

vs.

PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE,

Defendants.

CASE NO.: 07-427 ML

---

PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE

Cross-Claim Plaintiffs

v.

LAURA DRAINVILLE

Cross-Claim Defendant

---

PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE

Third-Party Plaintiffs

v.

THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE

Third-Party Defedant

---

**RULE 12 (b)(1) AND RULE 12 (b)(6) MOTION TO DISMISS PAUL M. DRAINVILLE, JR. AND STEPHANIE M. DRAINVILLE'S FIRST AMENDED CROSSCLAIM AGAINST LAURA DRAINVILLE**

Laura Drainville, ("Laura") pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) respectfully requests that this Court dismiss the first amended cross-claim of Defendant's Paul M. Drainville, Jr. ("Paul") and Stephanie M. Drainville ("Stephanie") and in support states:

**BACKGROUND**

1. The original action in this case is an interpleader action over a group life insurance benefit payable upon the death of Paul M. Drainville, Sr. ("Decedent") under a Verizon Group Life Plan ("Plan"). The interpleader action brought by Metropolitan is an ERISA action and is limited to whether a separation agreement is sufficient to be a Qualified Domestic Relations Order "QDRO" for the payment of Plan benefits to either the adult children, Paul and Stephanie, or the widow, Laura.

2. Cross-claimants, Paul and Stephanie, have received permission from this Court to serve their first amended counterclaim which now contains four counts, unjust enrichment, tortious interference, common law conversion and a declaratory judgment for relief.

3. Paul and Stephanie claim jurisdiction over this action pursuant to 28 U.S.C. Section 1335. This is not a basis for jurisdiction over Laura Drainville as Section 1335 as neither Paul, Stephanie, or Laura meet any of the jurisdictional requirements under this jurisdictional section limited to interpleader.

4. Paul and Stephanie further claim that jurisdiction is proper pursuant to Section 28 U.S.C. Section 1332 under diversity jurisdiction. However, the cross-claim is not brought pursuant to this Court's original jurisdiction, which is of a limited nature. Jurisdiction is only able to stand in the event that the common law cross-claim counts arise out of the same "transaction or occurrence" that is the subject matter of the original action. In this case, Paul and Stephanie's claim against Laura for unjust enrichment, tortious interference, and common law conversion are unrelated to the fourth count of the first amended cross–claim, which is limited to the original subject matter of the ERISA interpleader action brought by Met Life. Also, this case is going to be disposed of by Summary Judgment while Paul and Stephanie's claims are fact intensive and require trial.

5. The common law tort claims cannot stand and should be dismissed with prejudice.

6. Paul and Stephanie have failed to allege any basis for this Court's jurisdiction over the

Rhode Island State law claim for unjust enrichment, tortious interference or common law conversion and the cross-claim should be dismissed with prejudice.

7. In addition, from a procedural perspective, Paul and Stephanie have failed to properly plead the cross-claim. Count II incorporates all of the general allegations and all of the allegations of the unjust enrichment count. Count III incorporates all of the general allegations, all of the allegations of the unjust enrichment count, and all of the allegations of the tortious interference count. Count IV, the declaratory judgment action, incorporates all of the general allegations, all of the allegations of the unjust enrichment count, all of the allegations of the tortious interference count and all of the conversion allegations making for inconsistency, repugnancy and redundancy. At a minimum, this Court should dismiss the First Amended Complaint for including multiple allegations from other counts in Counts II, III and IV.

## MEMORANDUM OF LAW

**I. 28 U.S.C. SECTION 1332 and 1335 does not support jurisdiction over the Cross-claim under Rule 12(b)(1).**

Section 1335, which determines jurisdiction of a federal court over an interpleader action, does not provide a basis for Paul or Stephanie to have jurisdiction over Laura in a cross-claim. Section 1335 provides a basis for a federal court's "original jurisdiction" but would not be the basis for supplemental jurisdiction under Federal Rule of Civil Procedure 13(g).

The Rule requires that a cross-claim arise out of the same transaction or occurrence of the subject matter of the original action and would determine if Section 1332 would provide an independent basis for supplemental jurisdiction. This is a controlling element in the assertion of a cross-claim. This Court must utilize the "transaction or occurrence" test when evaluating whether or not it has supplemental jurisdiction for a cross-claim under Federal Rule of Civil Procedure 13(g). This Court should utilize the same test as used to determine if a compulsory counter-claim arises from the same

"transaction or occurrence" under Federal Rule of Civil Procedure 13(a).

In Iglesias v. Mutual Life Insurance Company of New York, 156 F.3d 237 (1st Cir. 1998), the First Circuit Court of Appeals held:

> Although neither of the parties has raised the issue, we have an obligation to inquire into our subject matter jurisdiction over MONY's counterclaim. See Clark v. Paul Gray, 306 U.S. 583, 588, 59 S.Ct. 744, 83 l.Ed 1001 (1939) (holding that although district court's jurisdiction had not been challenged, Court had duty to raise question of whether jurisdictional amount was involved). See also White v. Giddens, 121 F.3d 803, 806 (1st Cir. 1997). Federal courts are courts of limited jurisdiction; a court may not address the merits until "after ... the court has assumed jurisdiction over the controversy." Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); see also Steel Co. v. Citizens for a Better Environment, 523 U.S.83,----, 118 S.Ct 1003, 1012, 140 L.Ed.2d 210(1998) (stating that deciding the merits before confirming jurisdiction "carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"). Since MONY's counterclaim sounds in state law, a federal court may not hear it unless it falls within the ambit of supplemental jurisdiction or is supported by an independent jurisdictional basis. See Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 646 (1st Cir. 1995) (noting that a federal court has jurisdiction over a counterclaim only if it resides within the court's supplemental jurisdiction or is supported by an independent jurisdictional basis).
>
> The parties appear to have assumed that MONY's counterclaim was within the court's supplemental jurisdiction. When considering supplemental jurisdiction, the nature of the counterclaim is crucial. Federal Rule of Civil Procedure 13 describes two types of counterclaims: compulsory and permissive. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). All counterclaims that are not compulsory are permissive. See Fed.R.Civ.P. 13(b). Only compulsory counterclaims can rely upon supplemental jurisdiction; permissive counterclaims require their own jurisdictional basis.
>
> The supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. Sec. 1367(a). Section 1367 incorporates the common law doctrines of pendent and

ancillary jurisdiction. See Penobscot Indian Nation v. Key Bank, 112 F.3d 538, 563 (1st Cir 1997), cert. denied,522 U.S. 913, 118 S.Ct.297, 139 L.Ed.2d 229 (1997). Federal courts have ancillary jurisdiction over compulsory counterclaims. See McCaffrey v. Rex Motor Transp., Inc., 672 F.2d 246, 248 (1st Cir 1982); 6 Charles Alan Wright, Arthur R, Miller & Mary Kay Kane, Federal Practice & Procedure § 1414, at 99 (2d ed.1990). Permissive counterclaims, however, do not fall within ancillary jurisdiction and therefore may not be heard in federal court unless supported by an independent basis of jurisdiction. See McCaffrey, 672 F.2d at 248;Wright, Miller & Kane, Sec. 1422, at 169-70.

There are at least four tests to determine whether a counterclaim is compulsory or permissive:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim?

See McCaffrey, 672 F.2d at 248 (quoting 6 Wright , Miller & Kane, supra, § 1410, at 42 [currently 52-57] )(internal quotation marks omitted). Of these tests, only the fourth-the “logical relation” test-could possibly encompass MONY's counterclaim. In McCaffrey, we adopted the Fifth Circuit's treatment of the logical relation test. Under this approach, a claim qualifies as compulsory only if:

it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

See McCaffrey, 672 F.2d at 249 (quoting RevereCopper & Brass Inc., v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970)).

Applying this standard, MONY's counterclaim is permissive. First, the aggregate of operative facts giving rise to Iglesias's claims is entirely different from the facts supporting MONY's counterclaim. Iglesias alleges that MONY removed its disability insurance product from the Puerto Rico market in 1981 for discriminatory reasons. That change

in policy, he claims, led to his eventual termination, which therefore was also discriminatory. The evidence relevant to these claims includes the terms of Iglesias's employment contract and documentary, testimonial or other evidence concerning MONY's actions in Puerto Rico. By contrast, MONY's counterclaim is for restitution of monies that Iglesias wrongfully obtained from the company over the period from 1981 to 1988. The facts supporting the restitution claim include Iglesias's records and expense vouchers for travel and meals, his admissions during deposition, and documentary, testimonial or other evidence regarding MONY's reimbursement policies. Notwithstanding both claims arose during the same time period, they therefore rest on different sets of supporting facts.

Second, MONY's ability to recover restitution does not depend on the success or failure of Iglesias's claims. Iglesias has admitted that he overbilled his expenses to enhance his compensation. Although MONY discovered Iglesias's false reimbursement requests for 1988 in a deposition that was part of the present action, Iglesias's claims did not “activate” otherwise dormant claims. MONY could have sought reimbursement for its payments based on Iglesias's false expense reports prior to 1988 at any point. Even MONY's claim relating to 1988 expenses is not tied to the merits of the discrimination and contract claims. In other words, MONY's counterclaim bears no logical relation to the claims in the main action.

We conclude that MONY's counterclaim is permissive rather than compulsory, and is not supported by federal supplemental jurisdiction. We look, therefore, to whether it rests on an independent federal jurisdictional basis.

The only possible jurisdictional basis would be diversity of citizenship. While Iglesias and MONY are citizens of different states, MONY did not allege that its claim exceeded any specified sum, nor is its amount ascertainable from the record. See 28 U.S.C. Section 1332(a) (1993) (limiting diversity jurisdiction to claims that exceed a certain amount-in-controversy). At the time that MONY asserted its counterclaim, the amount-in-controversy required was in excess of $50,000, exclusive of interest and costs. FN3. The burden of alleging jurisdiction is on the party asserting the claim. See Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (stating that “the proponent ... must carry the burden of demonstrating the existence of federal jurisdiction”).

FN 3. After MONY asserted its counterclaim, Sec. 1332(a) was amended to require an amount-in-controversy greater than $75,000. See Pub. L. No. 104-317, Sec. 205(a)(1) (1996).

> Although "the sum claimed by the [proponent] controls if the claim is apparently made in good faith," Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (footnote omitted), MONY, as noted, has failed to allege that its counterclaim exceeds the required amount-in-controversy nor is there evidence in the record from which its value can reliably be determined as exceeding that amount. MONY stated merely that it was:
>
> in the process of reviewing each and everyone [sic] of the expense reports submitted by Mr. Iglesias to determine what was the scope of this practice by Mr. Iglesias and the approximate amount of funds wrongfully taken by Mr. Iglesias from Mutual through the scheme of false expense reports acknowledged by the plaintiff.
>
> Id. at 241-43.

Based on Iglesias, Paul and Stephanie's state law claims of unjust enrichment, tortious interference and conversion are barred as the counts are permissive and not compulsory and are not supported by supplemental jurisdiction. Paul and Stephanie have the burden to show that there is federal jurisdiction of its state law claims. The only basis for original jurisdiction was the ERISA claim. The jurisdictional basis has not been established to support Paul and Stephanie's state law claims. This is shown by Paul and Stephanie now, for the first time, bringing a declaratory judgment action to have the ERISA pre-emption issue resolved, which is the only issue for which this Court has jurisdiction.

**II. Paul and Stephanie's cross-claim fails to state a claim for unjust enrichment upon which relief can be granted under Rule 12(b)(6).**

In APG, Inc., v. MCI Telecommunications Corp., 436 F.3d 294 (1st Cir. 2006), this Court considered the elements of a Rhode Island state law claim for unjust enrichment and stated;

> To establish a claim for unjust enrichment under Rhode Island law, a plaintiff must prove three elements: "'(1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.' "*Bouchard v. Price,* 694 A.2d 670, 673 (R.I.1997)

> (quoting *Anthony Corrado, Inc. v. Menard & Co. Bldg. Contractors,* 589 A.2d 1201, 1201-02 (R.I.1991)); *see also* *Commercial Assocs.,* 998 F.2d at 1100.
>
> Id. at 305.

In this case, there are no allegations that Laura has received anything from Paul or Stephanie, there has been no allegation by Paul or Stephanie that either of them as Plaintiffs provided anything to Laura, and there is no allegation that Laura accepted anything of value from the Plaintiffs. There has been no properly pled Rhode Island state law claim of unjust enrichment and there is no way to properly plead such a cause of action under Rhode Island state law and this Court should dismiss this count with prejudice.

**III. Paul and Stephanie's cross-claim fails to state a claim for tortious interference upon which relief can be granted under Rule 12(b)(6).**

In APG, Inc., v. MCI Telecommunications Corp., 436 F.3d 294 (1st Cir. 2006), this Court considered the elements of a Rhode Island state law claim for tortious interference and stated;

> The elements of a claim for tortious interference with contractual relations under Rhode Island law are: (1) the existence of a contract; (2) defendants' knowledge of the contract; (3) defendants' intentional interference with the contract; (4) damages caused by the interference. *Ocean State Physicians Health Plan, Inc. v. Blue Cross & Blue Shield of R.I.,* 883 F.2d 1101, 1113 (1st Cir.1989); *Ed Peters Jewelry Co. v. C & J Jewelry Co.,* 51 F.Supp.2d 81, 101 (D.R.I.1999), *aff'd,*215 F.3d 182 (1st Cir.2000); *Western Mass. Blasting Corp. v. Metro. and Cas. Co.,* 783 A.2d 398, 401 (R.I.2001); *Jolicoeur Furn. Co. v. Baldelli,* 653 A.2d 740, 752 (1995).
>
> Id. at 303.

In this case, there are no allegations that Laura intentionally did anything to coerce, cajole, force, threaten, nag, annoy or take any action that made or compelled the Decedent, to change any beneficiary designation from anyone to anyone. First, there is a separation agreement that is in existence that Laura is not a party to, there is no allegation that she knew the contents of the

agreement. The primary failing is that Rhode Island state law requires an "intentional interference" with the agreement. The causation paragraph at 53 states: "as a result of Laura Drainville's actions." There are no facts indentified at all as to those actions that even under notice pleading pass muster. Paul and Stephanie are unable to meet the level of pleading necessary to state a claim for tortious interference under Rhode Island state law and the claim should be dismissed with prejudice.

**IV. Paul and Stephanie's cross-claim fails to state a claim for common law conversion upon which relief can be granted under Rule 12(b)(6).**

Paul and Stephanie's cross-claim fails to state a claim for the common law tort of conversion. In Narragansett Electric Company v. Carbone, 898 A.2d 87 (R.I. 2006), the Supreme Court of Rhode Island held:

> To maintain an action for conversion, a plaintiff must establish that it was in possession of the personalty, or entitled to possession of the personalty, at the time of conversion. Then, "the gravamen of an action for conversion lies in the defendant's taking the plaintiff's personalty without consent and exercising dominion over it inconsistent with the plaintiff's right to possession.
>
> Id. at 97. (Citations omitted).

In this case, if Paul and Stephanie are claiming a right to the Plan benefits, then the pleadings must show that Laura has taken wrongful possession of those benefits. This is a legal impossibility given that this Court's Registry currently holds the benefits and for which Paul and Stephanie may be successful under Count IV of their First Amended Cross-claim. As a result, a conversion cannot legally have occurred as of the time of pleading and this Count should be dismissed with prejudice. If the conversion has not yet occurred and the proceeds are in the possession of the Court, then a conversion cannot later occur.

## CONCLUSION

This Court should dismiss without prejudice Counts II, III and IV for failing to properly plead the

Counts by including all allegations of prior counts in the subsequent counts causing inconsistency, repugnancy and redundancy, or should dismiss Counts I, II, and III with prejudice for failing to survive a jurisdictional challenge, or dismiss Counts I, II and III with prejudice for failing to state a claim under Rhode Island state law.

**WHEREFORE**, Cross-claimant, Laura Drainville, respectfully requests that this Court dismiss Paul M. Drainville, Jr. and Stephanie M. Drainville's first amended cross-claim against Laura Drainville.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the within on the 3rd day of July 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System with notification being sent to: Paul M. Sanford, Esquire, BURNS & LEVINSON LLP, One Citizens Plaza - Suite 1100, Providence, RI 02903; Lynn M. Radiches, Esquire, BURNS & LEVINSON LLP, One Citizens Plaza - Suite 1100, Providence, RI 02903; and John D. Lynch, Jr., Esquire, LYNCH, BERNARD & LYNCH, 600 Toll Gate Road, Warwick, RI 02886.

__/s/ Hans Kennon______________
Hans Kennon, Esquire
Florida Bar No. 0059323
Morgan & Morgan, P.A.
20 N. Orange Avenue, 10th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
hkennon@forthepeople.com
Attorney for Defendant, Laura Drainville

HK/mkt