**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>*Plaintiff*<br><br>v.<br><br>PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE<br>*Defendants* | ) | C.A. No. 07-427 ML |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Cross-Claim Plaintiffs*<br>v.<br><br>LAURA DRAINVILLE<br>*Cross-Claim Defendant* | ) | |
| PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE<br>*Third-Party Plaintiffs*<br>v.<br><br>THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE<br>*Third-Party Defendant* | ) | |

**OBJECTION OF PAUL M. DRAINVILLE, JR. AND STEPHANIE M. DRAINVILLE TO LAURA DRAINVILLE'S RULE 12(b)(1) AND RULE 12(b)(6)MOTION TO DISMISS FIRST AMENDED CROSS-CLAIM**

Cross-Claim Plaintiffs, Paul M. Drainville, Jr. and Stephanie M. Drainville, hereby object to Laura Drainville's Rule 12 Motion to Dismiss the First Amended Cross-Claim.

In support of their objection, Cross-Claim Plaintiffs rely on the memorandum of law submitted herewith.

/s/ Paul M. Sanford
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

**CERTIFICATE OF SERVICE**

To:

Hans Kennon, Esq.
Morgan & Morgan
20 N. Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
LYNCH, BERNARD & LYNCH
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within on July 24, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Paul M. Sanford
Paul M. Sanford

J:\Docs\41105\00000\01261768.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

METROPOLITAN LIFE INSURANCE COMPANY
*Plaintiff*

*v.*

PAUL M. DRAINVILLE, JR., STEPHANIE M. DRAINVILLE and LAURA DRAINVILLE
*Defendants*

C.A. No. 07-427 ML

---

PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE
*Cross-Claim Plaintiffs*

*v.*

LAURA DRAINVILLE
*Cross-Claim Defendant*

---

PAUL M. DRAINVILLE, JR. and STEPHANIE M. DRAINVILLE
*Third-Party Plaintiffs*

*v.*

THE ESTATE OF PAUL M. DRAINVILLE, SR., by and through its EXECUTRIX, LAURA DRAINVILLE
*Third-Party Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO LAURA DRAINVILLE'S RULE 12(b)(1) AND RULE 12(b)(6)MOTION TO DISMISS FIRST AMENDED CROSS-CLAIM**

**Overview**

In her continuing effort to deprive her step-children of their rightful, court-mandated inheritance of their father's life insurance proceeds, Laura Drainville has rehashed her prior

unpersuasive arguments and moved to dismiss the First Amended Cross-Claim. Yet again, Laura Drainville makes frivolous claims of alleged lack of jurisdiction (based on her misapplication and misinterpretation of applicable law and facts), and she fails to recite the pleadings accurately.

**Standard of Review**

Laura Drainville's Motion to Dismiss fails to set forth any law on the standard of review for her Rule 12 motion, so Cross-Claim Plaintiffs will do so briefly here. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff. Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court accepts the well-pleaded facts as true and draws all reasonable inferences from those facts in favor of the plaintiff. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). A court should not grant the motion unless "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. A Russo, 96 F.3d 566, 569 (1st Cir. 1996).

The Court's standard of review on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is similar to the standard of review for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Murphy v. United States, 45 F.3d 520 (1st Cir. 1995); Masterson v. United States, 200 F.Supp. 2d 94 (D.R.I. 2002). In reviewing the claim, the Court construes the complaint liberally and treats all well-plead "facts as true, according the plaintiff the benefit of all reasonable inferences." Murphy, 45 F.3d at 522.

A motion to dismiss should not be granted "unless it appears beyond doubt that the [plaintiff] can prove no set of facts in support of [its] claim which would entitled [it] to relief." Masterson, 200 F. Supp. 2d at 97.

## Argument

### I. This Court has jurisdiction over the Cross-Claim.

#### A. The Cross-Claim arises out of the same transaction, occurrence and Settlement Agreement that is the subject matter of this action.

Pursuant to Fed. R. Civ. P. 13(g), a pleading may state as a cross-claim "any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim." In the instant case, the First Amended Cross-Claim against Laura Drainville arises out of the same transaction or occurrence that is the subject matter of the underlying interpleader action, that is, the enforcement of a Family Court Property Settlement Agreement (the "Agreement").

Pursuant to section 3.4 of the Agreement, until Stephanie's twenty-second birthday (07-08-11), the decedent was to maintain his children, Paul and Stephanie, as primary beneficiaries, in equal shares, of his life insurance policy at a level of coverage of three times his annual earnings. Under section 3.5 of the Agreement, the decedent was to contribute to each child's reasonable and necessary costs of college tuition and expenses. This Court is being asked to determine not only who is entitled to receive the life insurance proceeds on deposit with the Registry of the Court based upon the Agreement and ERISA, but also to determine the legal obligation to pay college expenses and attorneys' fees expressly referenced in the Agreement.

The moving party, Laura Drainville, cites extensively – without any analysis whatsoever - from the First Circuit decision of Iglesias v. Mutual Life Ins. Co. of New York, 156 F.3d 237 (1st Cir. 1998) in support of her claim that this Court does not have jurisdiction to adjudicate the

Cross-Claim. Despite Laura Drainville's claims to the contrary, this Court does have jurisdiction and the instant case is not analogous to the Iglesias case.

The Iglesias Court ruled that the aggregate of operative facts giving rise to the plaintiff's claims was entirely different from the facts supporting the defendant's counterclaim. See Iglesias at p. 242. The competing claims in Iglesias rested on "different sets of supporting facts" and bore "no logical relation" to one another. Id. Conversely, the underlying interpleader action and Cross-Claim in the instant action arise out of the same set of background facts. See *Answer to Amended Complaint, Counterclaim, Cross-Claim, and Third-Party Complaint of Paul M. Drainville, Jr., and Stephanie M. Drainville, pp. 8-9 (Paras. 6-12) and pp. 12-13 (Paras. 7-13).* See also First Amended Cross-Claim, passim.

Because the Cross-Claim against Laura Drainville arises out of the same Agreement and entitlement to life insurance proceeds that are the subject matter of this action, Laura Drainville's motion to dismiss the Cross-Claim for lack of jurisdiction should be denied.

**B. This Court has original jurisdiction and supplemental jurisdiction over the Cross-Claim based upon diversity of citizenship and the amount in controversy.**

This Court also has original jurisdiction over the Cross-Claim in this matter pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Diversity of citizenship exists as between Cross-Claim Plaintiffs (citizens of Rhode Island) and Cross-Claim Defendant (citizen of Florida), and the amount in controversy exceeds $75,000. Each of these elements is plead in the First Amended Cross-Claim. See First Amended Cross-Claim, passim.

The jurisdictional prerequisites of diversity of citizenship and amount in controversy in excess of $75,000 were not present, however, in the Iglesias decision on which Laura Drainville now relies. Rather, in Iglesias, the non-moving party had wholly failed to plead the requisite

amount in controversy. The non-moving party in Iglesias had also failed to allege that its claims exceeded any specified sum and the amount was not readily ascertainable from the record. See Iglesisas at p. 242.

This Court has not only original jurisdiction, but also supplemental jurisdiction over the Cross-Claim pursuant to 28 U.S.C. § 1367 because the parties are citizens of different states, the claim involves more than $75,000, and the claims in the Amended Cross-Claim are so related to the claims in the underlying interpleader action that they form part of the same case or controversy.

## II. Cross-Claim Plaintiffs have stated a claim upon which relief can be granted.

### A.) Tortious Interference

Laura Drainville claims the First Amended Cross-Claim is fatally defective because it does not allege that Laura Drainville intentionally "did anything to coerce, cajole, force, threaten, nag or annoy" and that there is no allegation that "she knew the contents of the agreement." Laura Drainville not only misapplies the law on tortious interference, but she also mischaracterizes the pleadings. First, when asserting a claim for tortious interference, there is no requirement under Rhode Island law to allege or prove coercion, cajoling, threats or annoyance. See, e.g., Western Mass Blasting Corp. v. Metropolitan Prop. and Casualty Ins. Co., 783 A.2d 398, 401-02 (RI 2001). Second, contrary to Laura Drainville's mischaracterization of the pleadings, the First Amended Cross-Claim does in fact allege that Laura Drainville was aware of the existence of the Agreement. In particular, paragraph 47 of the First Amended Cross-Claim expressly alleges that "prior to the death of Paul Drainville, Laura Drainville was aware of the existence of the Agreement."

Third, this very issue was addressed during an in-chambers conference held with this Court on February 19, 2008. One of the first questions this Court posed was whether Laura Drainville was aware of the pre-existing Agreement at the time she was made the designated beneficiary of the life insurance policy. Laura Drainville's knowledge of the Agreement was confirmed.

**B.) Conversion – Count III**

Laura Drainville alleges that a conversion could not have "legally occurred as of the time of pleading" because she has not "taken wrongful possession" of the [life insurance] benefits." Thus, according to Laura Drainville, she is entitled to a dismissal of Count III with prejudice. Laura Drainville misconstrues the pleadings and applicable law.

The claim for conversion is ***not*** predicated solely on the fact that Cross-Claim Plaintiffs were, pursuant to the Agreement, entitled to immediate possession and benefit of the life insurance proceeds at the time Laura Drainville made her competing claim to the proceeds. See First Amended Cross-Claim, ¶ 55. Rather, Cross-Claim Plaintiffs allege that Laura Drainville has ***also*** converted, by exercising dominion and control over other jointly owned real and personal property, some of which should have been earmarked for contribution to Stephanie's reasonable and necessary costs of college tuition and expenses. See First Amended Cross-Claim, ¶¶ 65-67.

With respect to the life insurance proceeds in particular, Cross-Claim Plaintiffs further allege that, by making and continuing to press a claim to the life insurance proceeds, thereby depriving Cross-Claim Plaintiffs of immediate possession and the benefit of the life insurance proceeds, Laura Drainville has deprived her stepchildren of their right to receive the life insurance proceeds. See First Amended Cross-Claim, ¶ 56. Thus, Laura Drainville has

intentionally and effectively exercised dominion and control -- by blocking the rights of Cross-Claim Plaintiffs and depriving them of their right to the immediate possession and benefit of the life insurance proceeds – inconsistent with Cross-Claim Plaintiffs' rights. Id. at ¶ 57.

**Conclusion**

Laura Drainville has not only failed to demonstrate that Cross-Claim Plaintiffs would be unable to recover under any set of facts, but for purposes of the pending motion this Court is to construe the pleadings liberally and treat well-plead facts as true and must make all reasonable inferences in favor of Cross-Claim Plaintiffs. Accordingly, the Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss First Amended Cross-Claim should be denied.

/s/ Paul M. Sanford
Paul M. Sanford (RI Bar # 2997)
Lynne M. Radiches (RI Bar # 5777)
*Attorneys for Paul M. Drainville, Jr. and Stephanie M. Drainville*
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 Telephone
(401) 831-8359 Facsimile

**CERTIFICATE OF SERVICE**

To:

Hans Kennon, Esq.
Morgan & Morgan
20 N. Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802-4979

John D. Lynch, Jr., Esq.
LYNCH, BERNARD & LYNCH
600 Toll Gate Road
Warwick, RI 02886

I hereby certify that I electronically filed the within on July 24, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above listed counsel has been effectuated by electronic means.

/s/ Paul M. Sanford
Paul M. Sanford

J:\Docs\41105\00000\01261775.DOC